TORSTEN E. MENDELIN *vs.* TOWN OF WEST BOYLSTON (and a companion case[1]).

Worcester. May 5, 1954. — September 17, 1954.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Way,* Public: defect. *Negligence,* Contributory.

Evidence that a curbstone six to eight inches wide embedded in a hard gravel shoulder of a public way and protruding upward about four inches had been installed by a town many years before an accident occurring when it was struck by an automobile, that it had not been removed when changes made it useless about ten years before the accident, and that everybody travelled over the gravel shoulder at the place of the accident warranted a finding that within G. L. (Ter. Ed.) c. 84, § 15, the curbstone was a defect "in or upon" the way which the town knew of and by exercise of reasonable care and diligence could have remedied before the accident.

Mere evidence that the operator of an automobile had worked about fourteen hours immediately before he commenced a two hundred mile trip late one evening over roads with which he was familiar did not require a ruling that he was guilty of negligence contributing to an accident occurring when his automobile hit a curbstone protruding from a way at about half past four the following morning or that his condition caused the accident.

TWO ACTIONS OF TORT. Writs in the Superior Court dated December 14, 1948.

The cases were tried before *Nagle, J.*

*William L. Macintosh,* (*Russell F. Bath, Jr.,* with him,) for the defendant.

*J. Alfred Anderson,* for the plaintiffs.

LUMMUS, J. These are two actions of tort, one brought by Torsten E. Mendelin to recover for his personal injury and property damage, and the other brought by the administratrix of the estate of his daughter Irene Anna Mendelin to recover for her death. Verdicts were returned for the

---

[1] The companion case was brought by the administratrix of Irene Anna Mendelin against the same defendant.

plaintiff in each case. The only exception in each case is to the refusal of the judge to direct a verdict for the defendant.

There was evidence of the following facts. Late in the evening of August 6, 1948, Torsten and his adult daughter Irene started from Brooklyn, New York, to go to Westminster, Massachusetts, in an automobile driven by Torsten, who was familiar with all the roads on the route. About half past four in the morning, while travelling on Beaman Street, a highway in West Boylston, at a speed of thirty miles an hour, the right front tire hit a stone, described as a "curb inlet," six or eight inches in width, embedded in the road but protruding upward nearly or quite four inches. The collision caused the automobile to get out of control, and to break through the railing of a bridge which crossed the Stillwater River. The automobile plunged into the river. Torsten escaped through the window of the automobile, but his daughter was drowned.

Torsten did not see the stone before his automobile hit it. The stone was at the beginning of a sharp curve to the left, and at the end of the curve the road crossed the Stillwater River. The road had a black tarvia surface, nineteen feet wide. The stone was in a hard gravel shoulder nine or ten feet wide at the same level as the black road and to its right. The stone was a curbstone six or eight inches wide, four feet long, and eighteen inches high, over all. It was installed by the town many years before, and was not removed when changes made about ten years before rendered it useless. The plaintiff Torsten testified that everybody travelled over the shoulder of the road at the place of the accident.

In his case, Torsten had to prove bodily injury or property damage by reason of a defect in or upon a way which could have been remedied by reasonable care and diligence on the part of the defendant town and of which the town had reasonable notice. G. L. (Ter. Ed.) c. 84, § 15. Proof of the same facts created liability for the death of the daughter. G. L. (Ter. Ed.) c. 229, § 1, as appearing in St. 1946, c. 614, § 1, as amended by St. 1947, c. 506, § 1. In

this case an act of the town placed the stone in the road and maintained it there uselessly for some years. The town could readily have been found to have had notice of the defect. *Tannian* v. *Amesbury*, 219 Mass. 310, 313.

It could have been found that the stone was a defect "in or upon a way," and within the way as it was travelled. *Moran* v. *Palmer*, 162 Mass. 196. *Dupuis* v. *Billerica*, 260 Mass. 210, 215. *Miles* v. *Commonwealth*, 288 Mass. 243, 244.

The defendant contends that Torsten was guilty of contributory negligence. He had worked about fourteen hours on the day before the accident, and then undertook to drive about two hundred miles. So far as appears he had not slept since the night before the accident. But we have not seen him, as the jury did, and do not know his strength or endurance. We cannot declare him guilty of contributory negligence as matter of law. Neither can we say that the accident was caused by his condition.

In each case the entry must be

*Exceptions overruled.*