GARY B. SMITH, administrator,[1] & another[2] *vs.* GERALD G. STEINBERG.

Middlesex. May 7, 1985. — August 15, 1985.

Present: WILKINS, LIACOS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Negligence,* Medical malpractice. *Medical Malpractice,* Public employee. *Massachusetts Tort Claims Act. Doctor,* Employment. *Words,* "Public employee."

In a malpractice action against a physician who was a professor at the University of Massachusetts, the record of proceedings on the defendant's motion for summary judgment failed to show indisputably that the defendant while treating a patient in his role as a member of the University of Massachusetts Medical School group practice, was subject to the direction and control of the Commonwealth and thus, as a "public employee," was immune from liability under provisions of the Massachusetts Tort Claims Act, G. L. c. 258, § 2. [668-669]

CIVIL ACTION commenced in the Superior Court Department on July 15, 1981.

A motion for summary judgment was heard by *William G. Young,* J., and the case was reported by him.

The Supreme Judicial Court granted a request for direct appellate review.

*David M. Gould (Richard A. Zucker* with him) for the defendant.

*Paul R. Sugarman (Susan A. Strauss* with him) for the plaintiff.

*William E. Searson, III,* for University of Massachusetts, amicus curiae, submitted a brief.

---

[1] Administrator with the will annexed of the estate of Dorothea I. Smith.

[2] Gary B. Smith, executor of the estate of John I. Smith, the late husband of Dorothea I. Smith.

WILKINS, J. The defendant, an orthopedic surgeon, contends that his motion for summary judgment in this medical malpractice action should have been allowed because, as a member of the University of Massachusetts Medical School group practice, he is a "public employee" immune from liability under § 2 of G. L. c. 258 (1984 ed.) (the Massachusetts Tort Claims Act). The judge who denied the defendant's motion for summary judgment allowed the parties' motion for a report of his order denying summary judgment. We granted the defendant's motion for direct appellate review and now affirm the order denying summary judgment in favor of the defendant.

In our opinion today in *Kelley* v. *Rossi, ante* 659, 661-663 (1985), we discussed relevant considerations for determining whether a person was a "public employee" within the meaning of those words in G. L. c. 258. The basic question is whether a person is subject to the direction and control of a public employer. *Id.* at 661. If so, he is granted immunity from liability under G. L. c. 258, § 2. In the *Kelley* opinion, we observed that generally a physician would not be a servant subject to the direction and control of an employer or principal. *Id.* at 662-663. We analyzed the facts presented on the defendant's motion for summary judgment and concluded that, although as a hospital resident the doctor was a servant, it was a disputed factual question as to who the doctor's employer, or master, was at the time of her alleged negligence: the city of Boston (or one of its departments) or the nonmunicipal hospital where she was on a rotating residency (or perhaps both).

The circumstances of this case present quite a different picture of the defendant physician's role in relation to his employer from that presented in the *Kelley* case. The defendant is an associate professor of orthopedic surgery at the University of Massachusetts Medical School and director of its orthopedic residency program, responsible for all aspects of postgraduate orthopedic education. The special act establishing the group practice plan at the University of Massachusetts Medical School makes him automatically in his circumstances a member of the group practice. St. 1974, c. 733, § 2. Pursuant to § 3 of that special act, the university trustees have established a medical

school group practice trust fund to receive and disburse funds collected from patients (and third-party payors) as a result of professional services rendered by members of the group practice. In addition to an "[a]nnual base salary" (St. 1974, c. 733, § 1 [a]), the defendant received compensation from the group practice plan.

The defendant argues that by statute he is designated an employee of the Commonwealth, and thus he is a "public employee" immune from liability. All University of Massachusetts employees are "employees of the commonwealth irrespective of the source of funds from which their salaries or wages are paid." G. L. c. 75, § 14 (1984 ed.). The 1974 special act creating the group practice plan contains substantially identical language. St. 1974, c. 733, § 6. This language seems designed to ensure such employees access to State-authorized fringe benefits. The 1974 special act provides further that the trustees of the university may adopt "rules and regulations for the management, control and administration of the group practice, for the determination of fees for professional services, and for regulating" disbursement of amounts from the trust fund. § 5. Although this language grants the trustees the right to control certain aspects of the group practice, it does not even in general terms give the trustees the right to control the plan's member physicians in their day-to-day activities. The trustees have adopted rules and regulations relative to the operation and governance of the group practice, but they do not deal with control over the individual physicians in their practice of medicine.

We reject the defendant's argument that statutes concerning the University of Massachusetts and its medical school group practice plan, adopted prior to the Tort Claims Act, control the meaning of the words "public employee" in that act. The fact that by statute an employee is entitled to "the same privileges and benefits of other employees of the commonwealth" (St. 1974, c. 733, § 6), even if they are not paid with public funds, does not mean that the physicians in the medical school group practice are automatically to be deemed "public employees" for the purposes of the Tort Claims Act. The earlier

statutes are understandably silent on this question and provide no guidance in deciding the summary judgment issue.

The appropriate consideration is whether, in his treatment of the patient in this case, the doctor was subject to the direction and control of the Commonwealth, acting through the medical school, through the group practice plan, or otherwise. *Kelley v. Rossi, supra* at 663. On this summary judgment record, it cannot properly be said that the doctor was indisputably subject to the direction and control of the Commonwealth acting through its agents. The group practice plan had no function, except billing patients, with respect to the furnishing of patient care by a group practice physician. The defendant had control (outside of his instructional duties at the medical school) over his hours of work, where he worked, and which patients he would treat, taking them directly or by referral from other physicians. He was thus free to practice medicine as he wished, subject to his teaching obligations, but as a member of the group practice plan all his billings were to be made through the plan. His compensation from the group practice plan was dependent from year to year in part on his productivity. During the relevant time the doctor held staff appointments at the Worcester City Hospital, Holden Hospital, and Martha's Vineyard Hospital, in addition to the University of Massachusetts Hospital. He first saw the plaintiff administrator's decedent at a family health center in Worcester on referral from another physician. He treated the patient in his role as a member of the group practice and not pursuant to any academic function.

The record fails to show indisputably that the defendant doctor was subject to the direction and control of the group practice plan, of the medical school, or of the Commonwealth in some other respect. Indeed, on the record presented on summary judgment, a finding of direction and control over the doctor as a "public employee" by a "public employer" may well not be warranted, but that issue is not presented by the motion judge's report (and the plaintiff makes no such argument).

*Order denying the defendant's motion*
*for summary judgment affirmed.*