ALBERT W. ROWE, JR. *vs.* TOWN OF ARLINGTON.

No. 88-P-1063.

Middlesex. October 16, 1989. - March 20, 1990.

Present: PERRETTA, KAPLAN, & SMITH, JJ.

*Massachusetts Tort Claims Act. Municipal Corporations,* Liability for tort. *Governmental Immunity. Statute,* Construction. *Negligence,* Public employee, Independent contractor. *Words,* "Public employee," "Independent contractor".

Where, on facts found by the judge in a negligence action and not challenged by the plaintiff, certain repair work on a fountain situated on a town's property was performed by an independent contractor, an injury sustained by the plaintiff when a vase mounted on the fountain fell onto his hand was not caused by the negligence of a "public employee" and, consequently, the town's immunity was not abrogated by G. L. c. 258, § 2. [390-391]

CIVIL ACTION commenced in the Superior Court Department on October 6, 1981.

The case was heard by *James F. McHugh,* J.

*John F. Maher,* Town Counsel, for the defendant.

*Edward D. McCarthy* for the plaintiff.

PERRETTA, J. At some unknown time after 1965, a vase was mounted with epoxy to the base of a fountain situated on town property. In 1980, the plaintiff (then thirteen years of age) was injured when the vase gave way as he grabbed it for support while retrieving a coin from the fountain. The vase fell on the plaintiff's hand and crushed his left index finger. He brought this action in negligence. Pursuant to Mass.R.Civ.P. 52(a), 365 Mass. 816-817 (1974), the judge found that the work on the fountain had been negligently done by an independent contractor in that pins had not been used along with the epoxy. He concluded that because a private individual would be liable in such circumstances, so too

was the town. On the town's appeal, we conclude that the plaintiff failed to show that his injury was caused by a public employee and, therefore, reverse the judgment.

After finding that the work on the fountain had been done by an independent contractor, the judge stated that he had not been "persuaded" that the town, its agents, servants, or employees, were aware of the absence of pins, had failed to use reasonable care in order to determine whether pins had been used, or had failed to exercise reasonable care in inspecting or maintaining the fountain. He nonetheless concluded that the town was liable because an individual would be, under those principles expressed in *Mulchey* v. *Methodist Religious Soc.*, 125 Mass. 487, 489 (1878), and now embodied in Restatement (Second) of Torts § 422 (1965).

Section 422 reads, in pertinent part: "A possessor of land who entrusts to an independent contractor construction, repair, or other work on the land . . . or other structure upon it, is subject to the same liability as though he had retained the work in his own hands to others on or outside of the land for physical harm caused to them by the unsafe condition of the structure . . . (b) after he has resumed possession of the land upon its completion.

"Section 2 of G. L. c. 258 [, as appearing in St. 1978, c. 512, § 15], by which the Legislature abrogated governmental tort immunity, renders public employers liable 'in the same manner and to the same extent as a private individual under like circumstances.' " *Gallant* v. *Worcester*, 383 Mass. 707, 714 (1981). See also *Intriligator* v. *Boston*, 395 Mass. 489, 493 (1985). That liability, however, is for the "negligent or wrongful act or omission of any *public employee* while acting within the scope of his office or employment . . ." (emphasis supplied). G. L. c. 258, § 2. See *Schenker* v. *Binns*, 18 Mass. App. Ct. 404, 404 (1984); *Williams* v. *Bresnahan*, 27 Mass. App. Ct. 191, 192-193 (1989).

It is noted in *Kelley* v. *Rossi*, 395 Mass. 659, 661 (1985), that, "[a]lthough the Tort Claims Act's definition of the words 'public employee' in § 1 provides no detailed guidance in deciding whether a person is a 'public employee,' the defi-

nition of 'public employer' in § 1 does." As here pertinent, that section, as appearing in St. 1980, c. 315, § 1, defines a "public employer" as "any . . . town . . . which exercises direction and control over the public employee, but not a private contractor with any such public employer . . . ."

Whether one is a public employee or an independent contractor is a question of fact. See *Kelley* v. *Rossi,* 395 Mass. at 664. As used in § 422 of the Restatement (Second) of Torts, the words "independent contractor" are used to describe "any person who does work for another under conditions which are not sufficient to make him a servant of the other." Restatement (Second) of Torts § 409 comment a. See also *Kelly* v. *Rossi,* 395 Mass. at 661, and cases and authorities therein cited; *Williams* v. *Bresnahan,* 27 Mass. App. Ct. 192-193.

On the facts found by the judge and not challenged by the plaintiff, the work on the fountain was performed by an independent contractor. It is, therefore, irrelevant whether a private individual under like circumstances would be liable. As the plaintiff's injury was not caused by the negligence of a public employee, the town's immunity is not abrogated by G. L. c. 258, § 2.

To support the judgment, the plaintiff argues that his complaint should be construed as including a "common law claim against the [t]own as an owner of real property." The plaintiff does not identify his common law claim and even with a most generous reading of the record before us, we are unable to see it. See *Morash & Sons* v. *Commonwealth,* 363 Mass. 612, 616 (1973); *Asiala* v. *Fitchburg,* 24 Mass. App. Ct. 13, 16-17 (1987), and cases therein cited.

*Judgment reversed.*

*Judgment for the defendant.*