Toomey, J.
INTRODUCTION
This action arises from injuries sustained by plaintiff Joanne Bonner resulting from a motor vehicle accident on Taunton Street in the Town of Bellingham. Joanne Bonner alleges in her complaint claims of negligence against defendants Town of Bellingham (town), Brian Cook and Cook’s General Contracting, Inc. (CGC). Dorothy Bonner and Phillip Bonner also allege claims of loss of consortium against the town, Brian Cook and CGC. The town now moves for summary judgment on Counts III through VII of the complaint. For the following reasons, the town’s motion for summary judgment is allowed in part and denied in part.
BACKGROUND
The summary judgment record, when considered in favor of Joanne Bonner, Dorothy Bonner, and Phillip Bonner as the nonmoving parties, indicates the following. On September 20, 1993, Joanne Bonner was driving a motor vehicle on the southbound lane of Taunton Street in Bellingham. Joanne Bonner ob *200 served a motor vehicle approaching northbound on Taunton Street. Brian Cook operated the approaching vehicle.
To avoid a collision with Brian Cook’s vehicle, Joanne Bonner steered her vehicle to the right. Her vehicle went off the road way and onto the abutting land. The vehicle’s right side tires were punctured by a tree stump located on the abutting land and directly adjacent to the road. In 1979 or 1980, the town had contracted CGC to remove some or all of the trees bordering Taunton Street,[3] and the tree stump remained after a tree had been cut pursuant to the town’s orders.
The impact of the punctures caused Joanne Bonner to strike her head on the steering wheel. Having been rendered unconscious, Joanne Bonner lost control of her vehicle, which continued to veer to the right and came to a stop against a tree.
DISCUSSION
Count III of Joanne Bonner’s complaint alleges negligence against the town for failure to remove the tree on the side of Taunton Street in a reasonably safe manner. Counts IV and V also allege negligence against the town, but are based on the asserted employee/employer relationship between the town and Brian Cook. Finally, Counts VI and VII are claims for loss of consortium by plaintiffs Dorothy Bonner and Phillip Bonner. We shall address each count in turn and in the context of the town’s motion for summary judgment.
Count III (Negligence by the Town)
The town argues that the alleged cause of the accident, the tree stump on the edge of the road, was a defect in a public way and that G.L.c. 84, §15 (1994 ed.) provides the exclusive remedy for such a claim. In the town’s view, therefore, the negligence allegations in Count III cannot, as a matter of law, prevail.
It is true that the exclusive remedy for a claim of personal injuiy or property damage against governmental entities for defects in a way is provided by G.L.c. 84, §15. Himelfarb v. Brookline, 19 Mass.App.Ct. 980, 980 (1985). The Mass Tort Claims Act has not superseded this remedy. Ram v. Charlton, 409 Mass. 481, 486 (1991), cert. denied. 112 S.Ct. 82 (1991). Joanne Bonner contends the defect at bar, the tree stump, is not a defect on a public way, but rather a negligent condition existing on land abutting a public way. She claims, accordingly, that G.L.c. 84, §15 does not provide the exclusive remedy in this case and that her negligence claim ought to survive summary judgment.
Generally, whether a defect existed in a public way is a question of fact for the fact finder. Trioli v. Town of Sudbury, 15 Mass.App.Ct. 394 (1983). See, e.g., Davis v. Charlton, 140 Mass. 422, 424 (1886); Dowd v. Chicopee, 116 Mass. 93, 96 (1874); Ghenn v. Provincetown, 105 Mass 313, 316 (1870).[4] On the record at bar, this court concludes that the town, as the moving party, has not met its burden of demonstrating affirmatively the absence of a triable issue on whether the tree stump constituted a defect in a way, see Pederson v. Time, Inc., 404 Mass 14, 16-17 (1989), as there remains a genuine issue of material fact with respect to the locus of the stump. Accordingly, summary judgment with respect to Count III of the complaint will be denied.[5]
Counts IV and V (Vicarious Liability of the Town)
The town requests summary judgment on Counts IV and V of the complaint on grounds that Brian Cook was not an employee of the town when he allegedly cut down the tree on Taunton Street. The liability of any municipality pursuant to G.L.c. 258, §2 does not extend to acts or omissions of independent contractors; rather, the liability is for the “negligent or wrongful act or omission of any public employee while acting within the scope of his office of employment...” Rowe v. Arlington, 28 Mass.App.Ct. 389, 390 (1990) (emphasis in original) (citations omitted).
The basic question in determining the nature of the tortfeasor’s service to the town “is whether a person is subject to the direction and control of a public employer.” Smith v. Steinberg, 395 Mass. 666, 667 (1985). Generally, “(w]hether one is a public employee or an independent contractor is a question of fact.” Id. (citations omitted). Nonetheless, the general rule is not dispositive at bar because the town has indeed met its burden of demonstrating affirmatively that Joanne Bonner has no reasonable expectation of showing, at trial, that Brian Cook was employed by the town. See Flesner v. Technical Communications Corp., 410 Mass. 895, 809 (1991). Accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
In support of its contention that Brian Cook was not a public employee when he allegedly cut down the tree on Taunton Street, the town has demonstrated, by means of the deposition of Brian Cook, that Brian Cook’s hours were not fixed, he submitted to the town the records of the hours he or his employee had worked and his compensation was based on the hours worked, neither Brian Cook nor his employee participated in the town’s medical insurance plan, and Brian Cook did not believe himself to be an employee of the town. These assertions would, if credited by the trier of fact, warrant a conclusion that Brian Cook was not a town employee. See, e.g., McNamara v. Honeyman, 406 Mass. 43, 48 (1989) (fixed income and regulation of hours relevant for determining control of employer; defendant at issue believed she was an employee); Smith, supra, 395 Mass. at 667 (compensation dependent on productivity); Kelly v. Rossi, 395 Mass. 659, 664 (hours fixed by employer indicative of employer/employee relationship); Florio v. Kennedy, 18 Mass.App.Ct. 917, 918 (1984) (fixed weekly salary, *201 minimum weekly hours, and participation in medical plan indicative of employer/employee relationship).
Joanne Bonner has not, in response, alleged specific facts which would establish the existence of a genuine issue of material fact as to whether or not Brian Cook was employed by the town. See Pederson, supra, 404 Mass. at 17. Because “the opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary-judgment!,]” LaLonde v. Eissner, 405 Mass. 207, 209 (1989), the town’s factual assertions remain uncontested and dispositive of the question of law. Brian Cook was an independent contractor and the town is not vicariously liable for his negligence, if any. Accordingly, summary judgment on Counts VI and V of the complaint will be allowed.
Counts VI and VII (Consortium Claims against the Town)
The town seeks summary judgment on Counts VI and VII of the complaint on grounds that loss of consortium claims may not be maintained under G.L.c. 84, §15. It is true that, under G.L.c. 84, §15, “only the plaintiff, [Joanne Bonner], may recover, within the limits prescribed, for [her] injuries and consequential damages.” Trioli v. Sudbury, 15 Mass.App.Ct. 394, 398 (1983). However, because this court has found, supra, that a genuine issue of material fact remains with respect to whether the tree stump was a defect in a way, whether G.L.c. 84, §15 provides the exclusive remedy in this case, and thus whether §15 bars the loss of consortium claims, summary judgment for the town on Counts VI and VII of the complaint must be denied.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant Town of Bellingham’s motion for summary judgment on counts III, VI and VII of the complaint be DENIED. It is further ORDERED that the defendant Town of Bellingham’s motion for summary judgment on counts IV and V of the complaint be ALLOWED.

Coincidentally, Brian Cook also is the sole owner of CGC. It appears Brian Cook very much disputes that CGC was contracted by the town in 1979 or 1980 to remove trees bordering Taunton Street. Nevertheless, I accept the view favorable to Joanne Bonner for purposes of this motion.

The town relies on the following two cases for the proposition that the tree stump at issue in this case is a defect in a way as a matter of law: Brennan v. Cambridge, 332 Mass. 613, 614 (evidence warranted finding a defect in a portion of a highway reasonably used for travel): Mendelin v. West Boylston, 331 Mass. 597, 599 (1954) (it could have been found that a stone embedded in the shoulder of the road was a defect in a way). However, these cases simply hold that the respective fact finders reasonably could have found the injurious conditions to be defects in a way; they do not hold that any injurious condition on the edge or to the immediate side of a way is a defect in a way as a matter of law.

If Joanne Bonner’s claims are found by the trier of fact not to be governed by G.L.c. 84, §15, she has properly stated a claim against the town under G.L.c. 258, §2. “It has long been recognized by the law of this Commonwealth that the owner of land abutting a public way has the duty to refrain from using his land or maintaining conditions or structures thereon in a manner which will interfere with the safety and convenience of travelers on the public way.” Pritchard v. Mabrey, 358 Mass. 137, 140 (1970). "Section 2 of G.L.c. 258, by which the Legislature abrogated governmental tort immunity, renders public employers liable ‘in the same manner and to the same extent as a private individual under like circumstances.’ " Rowe v. Arlington, 28 Mass.App.Ct. 389, 390 (1990).