Toomey, J.
The Plaintiff, Lawrence Arthur Lovejoy (“Lovejoy”), filed a negligence action against Richard Greenwood (“Greenwood”), Roger Gustafson (“Gustaf-son”) and Harold Drake, Jr. (“Drake”), as Trustees of Greenwood Memorial Trust, and the City of Gardner (“Gardner”). Greenwood, Gustafson, and Drake (“Trustees”) have filed a Motion for Summary Judgment. The Trustees argue that, under G.L.c. 258, §§ 1 and 2, they are exempt from suit. Lovejoy responds that the Trustees are not “public employees” within the meaning of G.L.c. 258, §1, and that they may not, accordingly, avail themselves of the protections of G.L.c. 258, §2. For the following reasons, the Trustees have the better of the argument and their Motion for Summary Judgment is ALLOWED.
BACKGROUND
On November 3, 1993, Lovejoy suffered personal injuries at the Gardner Memorial Pool (“Pool”) located in Gardner, Massachusetts. He was installing heating equipment at the Pool and was injured when he fell down bulkhead steps leading to the basement of the Pool complex. Lovejoy alleges that his injuries were caused by the defective nature and disrepair of the bulkhead steps.
Lovejoy filed a negligence action against the City of Gardner and against Greenwood, Gustafson, and Drake, in their capacities as Trustees of the Greenwood Memorial Trust. Lovejoy alleges that, because the defendants owned, operated, maintained, controlled and/or supervised the Pool, they were liable for his injuries. The Trustees have moved for summary judgment based on the theory that they are exempt from suit in their capacities as Trustees by reason of the Massachusetts Tort Claims Act. Lovejoy counters with the view that the Trustees may not claim shelter under the Act because they are not “public employees,” a condition precedent to such shelter.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues of material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of demonstrating affirmatively the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-7 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson v. Time, Inc., supra, at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
The Trustees assert that they are exempt from Lovejoy’s claims by reason of the protections afforded them by G.L.c. 258, the Massachusetts Tort Claims Act. In determining whether the Trustees are immunized from personal liability by G.L.c. 258, the court must first ascertain whether the Trustees were public employees. McNamara v. Honeyman, 406 Mass. 43, 46 (1989). Our analysis will focus upon the statutory definition of “public employee”; to wit:
elected or appointed, officers or employees of any public employer, whether serving full or part-time, temporary or permanent, compensated or uncompensated, and officers or soldiers of the military forces of the commonwealth.
G.L.c. 258, §1.
The Trustees have submitted Certificates of Appointment (“Certificates”) with their Motion for Summary Judgment. The Certificates demonstrate that the Mayor of Gardner appointed each Trustee to the position of Trustee of Greenwood Memorial Pool. The *279 Trustees also submitted the affidavit of Charles J. Manca (“Manca”), who was the Mayor of Gardner on November 3, 1993, the date of the alleged incident. Manca’s affidavit recites that the Mayor of Gardner and the Gardner City Council regularly appoint a three-member board, the trustees, to make general policy decisions involving the Pool. The affidavit also reveals that the trustee position is uncompensated and part-time.
In determining whether a person is a “public employee” within G.L.c. 258, §1, the court is to be guided by the statutory definition of “public employer.” Kelley v. Rossi, 395 Mass. 659, 661 (1985); Smith v. Steinberg, 395 Mass. 666, 667 (1985). In that regard, we may note that G.L.c. 258, §1 “states that a city or any agency of a city is a public employer if it ‘exercises direction and control over the public employee.’ ” Kelley v. Rossi, supra at 661; Smith v. Steinberg, supra at 667. The affidavits of Manca and of Greenwood are compelling that the Trustees did not possess the power to make any binding decisions regarding the management or financial affairs of the Pool and that the Trustees were under the direction and control of the Mayor of Gardner and the Gardner City Council. It is beyond cavil that Gardner, through its Mayor and its City Council, exercised direction and control over the Trustees and were “public employers” of the Trustees. The Trustees were, therefore, “public employees” within G.L.c. 258, §1. See Id. at 661.
General Laws c. 258, §2 “extends immunity from personal liability to public employees who are acting within the scope of their duties." McNamara v. Honeyman, supra at 46. Because the Trustees at bar are, indisputably, public employees, their conduct, constituting either simple or gross negligence, would be sheltered by G.L.c. 258, §2 and Gardner, as a public employer, would be liable for the harm to Lovejoy. Id. at 46. (G.L.c. 258, §2 exempts public employees from liability for both gross negligent conduct and ordinary negligent conduct.) The Trustees have thus established, and Lovejoy has alleged no specific facts to the contrary, that an essential element of Lovejoy’s case is “unlikely to be forthcoming at trial.” Flesner, supra at 809.
The only claims which Lovejoy has made against the Trustees are for negligence. Concededly, the Massachusetts Tort Claims Act does not provide an exemption from liability for intentional torts by public employees, id. at 46; G.L.c. 258, §10; but Lovejoy has made no claims against the Trustees for intentional torts. Thus, Lovejoy can find no support in §10’s exclusion of intentional torts from the statutory exemption. G.L.c. 258, §2 provides an impregnable shield for the Trustees as against Lovejoy’s claims of negligence.[4]
ORDER
For the foregoing reasons, it is hereby ORDERED that the Trustees’ Motion for Summary Judgment is ALLOWED.

The Trustees have argued that service of process on Drake was improper because Drake was deceased at the time Lovejoy commenced this action. The Court has, however, already determined that none of the Trustees are liable for Lovejoy’s injuries, and, accordingly, the service argument need not be addressed.

Richard Greenwood, Roger Gustafson, and Harold Drake, Jr.