Toomey, J.
The plaintiffs, Nicholas Mahoney (“Nicholas”) and his parents Lisa Mahoney and James Mahoney (collectively “plaintiffs”), brought this action against the defendant, Roy Bors-Koefoed, M.D. (“Dr. Bors-Koefoed”), seeking to recover for severe and permanent neurological injuries suffered by Nicholas as a result of the alleged negligent obstetrical care and treatment rendered to Lisa Maloney by Dr. Bors- . Koefoed. Dr. Bors-Koefoed has now moved for summary judgment on the grounds that, at the time he treated the patients, he was a public employee and thus immunized by G.L.c. 258, §2, from tort liability. For the following reasons, the defendant’s motion for summary judgment is DENIED.
BACKGROUND
The following facts are drawn from the summary judgment record.
In April 1993, Dr. Bors-Koefoed was a physician and faculty member at the University of Massachusetts (“UMASS”). Under his contract of employment with UMASS, Dr. Bors-Koefoed agreed to be bound by the policies, rules, and regulations adopted by the Board of Trustees. As a condition of his employment, Dr. Bors-Koefoed was required to participate in the University’s Group Practice Plan pursuant to which patient fees were deposited into a Commonwealth account and used for purposes established by the UMASS Trustees.
Dr. Bors-Koefoed was paid weekly by the Commonwealth based on a fixed annual salary determined by the Chairman of his Department. The salary was not variable and did not depend upon the number of patients treated by Dr. Bors-Koefoed. As an employee of the Commonwealth, Dr. Bors-Koefoed participated in both the Commonwealth’s contributory retirement system and the Commonwealth’s group health insurance plan; he was also afforded sick time and vacation time as part of his employment benefits package from UMASS. Dr. Bors-Koefoed was listed as a Commonwealth employee on both his employment contracts and his W-2 forms. Additionally, Dr. Bors-Koefoed’s monthly work schedule was fixed and assigned to him by the UMASS Division Chief.
In April 1993, Dr. Bors-Koefoed’s responsibilities included service as an attending physician and provision of obstetrical care and treatment at the Medical Center of Central Massachusetts (“Worcester Memorial Hospital”), a private hospital affiliated with UMASS. Dr. Bors-Koefoed was stationed at the Worcester Memorial Hospital because the University of Massachusetts Medical Center (UMMC) did not have an obstetrics department on site. While at Worcester Memorial Hospital, Dr. Bors-Koefoed was responsible *609 for the management of clinical activities, made clinical decisions, and supervised on-duty residents. The defendant’s only office was located at Worcester Memorial Hospital.
Dr. Bors-Koefoed was required to attend regularly scheduled department meetings during which he reported to the Division Chief on both academic and clinical matters and sought advice and direction. He was also responsible for instructing medical students through his treatment of patients. On April 18, 1993, Dr. Bors-Koefoed had no discretion over which patients he treated. If a patient were admitted during his on-call clinical service rotation, he would serve as the attending physician until his rotation was complete.
The plaintiffs concede that, on April 18, 1993, Dr. Bors-Koefoed treated Nicholas at Worcester Memorial Hospital in his capacity as an employee of the Commonwealth and as a faculty physician of UMASS. The plaintiffs assert, however, that Dr. Bors-Koefoed used his independent judgment based upon his education, training, and experience when making medical treatment decisions and thus is not immunized by G.L.c. 258, §2, from tort liability.
DISCUSSION
Summary judgment will be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that it is entitled to judgment in its favor. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). With respect to any claim on which the party moving for summary judgment does not have the burden of proof at trial, that parly may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or by “demonstrating that proof of that element is unlikely at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat the motion for summary judgment.” Pederson, 404 Mass. at 17. The opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment. LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
Dr. Bors-Koefoed contends that he was a public employee of the Commonwealth at all times relevant to this action and is immune from liability by reason of the Massachusetts Torts Claims Act, G.L.c. 258, §2, which provides that:
no . . . public employee . . . , shall be liable for any injury or loss of property or personal injury or death caused by his negligent or wrongful act or omission while acting within the scope of his office or employment.
The plaintiffs respond that a factual dispute exists as to Dr. Bors-Koefoed’s employment status at the time of the alleged negligence and, accordingly, that summary judgment is inappropriate. The Court concludes, for the reasons stated infra, that the plaintiffs have the better of the dispute.
The fact that UMASS is a public employer does not ipso facto render all of its staff “public employees.” McNamara v. Honeyman, 406 Mass. 43, 49 (1989). The essential issues determinative of the question of “public employee” vel non, is to what extent Dr. Bors-Koefoed was subject to the direction and control of the public employer. Smith v. Steinberg, 395 Mass. 666, 667 (1985). The task is to determine whether the evidence establishes sufficiently pervasive “direction and control” by the public employer. More specifically, the analysis focuses on the nature and character of the employer’s control, viz whether the control is limited to general oversight of the physician’s activities or extends to particularized direction of the physician’s function. A review of the pertinent precedents will demonstrate the point.
We begin with Kelley v. Rossi, 395 Mass. 659, 664 (1985), in which the Supreme Judicial Court found that summary judgment should not have been allowed because a factual dispute existed as to whether the defendant physician was a public employee. The Kelley physician was a resident of Boston City Hospital, but, at the time she treated the plaintiff, she was performing her rotation in the emergency room of a private hospital. The focus of the Court’s inquiry was whether the doctor was subject to the direction and control of the city while working in the private hospital’s emergency room. Id. In finding that the facts tended to show that the doctor was a servant of the private hospital and not of the city, the Court noted that the doctor was obliged to follow the policies and procedures of the hospital, she had no choice as to which patients to treat, her hours were fixed by the hospital, and she was obliged to follow the hospital’s requirements for keeping records. Id. at 664-65. Kelley found that there was a dispute of material fact, but did not rest that finding on the evidence of the details of the doctor’s treatment of patients. Rather, the Court acknowledged that, even where a physician employs independent judgment in the treatment of a particular patient, there may still remain factual issues concerning the quantum of the direction and control over the physician exercised by the public employer. Id. at 662.
Similarly in Smith v. Steinberg, 395 Mass. 666, 669 (1985), the Court held that the trial judge properly denied the defendant’s motion for summary judgment. The focus of the Court’s inquiry was “whether in his *610 treatment of the patient in the case, the doctor was subject to the control of the Commonwealth, acting through the medical school, through the group practice plan, or otherwise.” Id. The Court found that there was a dispute of material fact because the doctor, although a UMASS professor, did have control over what hours he worked, where he was to work, and which patients he would treat. Id. Notably, none of the factors found by the Smith Court to be material to the “control” question pertained to the employer’s governance of patient treatment.
McNamara v. Honeyman, 406 Mass. 43, 48 (1989), concluded that there was sufficient evidence to support the jury’s finding that a psychiatrist employed by UMASS Medical School was a public employee. Factors considered by the Court included UMASS’ regulation of the physician’s hours, the doctor’s lack of discretion as to which patients he would treat, and his lack of private patients. Id. The Court did not examine the details of the doctor’s treatment of the patient. As in Kelley, the Court acknowledged, that “while physicians exercise independent judgment, a physician can still be deemed a servant where the principal controls the details of the physician’s activities.” Id. See also Hopper v. Callahan, 408 Mass. 621, 634 (1990) (relevant considerations in determining whether UMASS psychiatrist was a public employee are right to control hours and working schedules, right to supervise, and control of patient selection); Florio v. Kennedy, 18 Mass.App.Ct. 917, 918-19 (1984) (summaryjudgment by trial court affirmed since defendant demonstrated that no genuine issue for trial as to the public employee status of the physician defendant).
Finally, the Supreme Judicial Court, in Williams v. Hartman, 413 Mass. 398 (1992), shifted the focus away from the power of the employer to control the employee’s general activities, and analyzed the public employer’s right to control the details, that is, the manner and means by which the employee performs his or her job. Id. at 400-01. Finding that summary judgment for the defendant was inappropriate, the Court articulated that, in the specific case of a physician, “we examine whether a public employer directs and controls the physician’s treatment of the patient.” Id. The Court continued:
A physician is not necessarily a public employee simply because a public entity pays his or her salary, provides a retirement fund, or manages a vacation schedule. In fact, we have noted that “the very nature of a physician’s function tends to suggest that in most instances [the physician] will act as an independent contractor,” not a public employee.
Id. at 400-01, citing Kelley, 395 Mass. at 662. The Williams analysis noted that, in addition to the defendant’s controlling his own work schedule, evidence suggested that the public employer had no control over the defendant’s day-to-day activities and that the defendant alone made the medical decisions in connection with the treatment of his patients. Id. at 401. Such evidentiary factors are, therefore, central to the summary judgment assessment.
The present defendant does not fit neatly into either the employee or the non-employee camp. Concededly, the Rule 56 record discloses no argument that Dr. Bors-Koefoed was a supervisor of residents, that he had no control over his hours of work, that he did not have private patients, and that his income was not based on the number of patients he treated. There is also no dispute that Dr. Bors-Koefoed’s employment contract is with a public entity which pays his salary, manages his vacation schedule, and provides a retirement fund.
Because the factors to be applied in determinating whether a physician is a public employee have not been exhaustively delimited by the case law, this court is obliged, in reviewing the defendant’s motion for summary judgment, to inspect all the probative evidence in the light most favorable to the party opposing summary judgment. Williams, 413 Mass. at 398; Kelley, 395 Mass. at 659.[2] That evidence would permit a fact finder to conclude that, as the attending physician at Worcester Memorial Hospital, Dr. Bors-Koefoed clearly had a great deal of discretion over the treatment of his patients, including Nicholas. The record indicates that Dr. Bors-Koefoed was responsible for the management of all clinical activities and was responsible for all clinical decisions. Additionally, he was in charge of supervising the residents on duty at the private hospital, including the resident who assisted with the delivery of Nicholas. Dr. Bors-Koefoed’s only office was located at Worcester Memorial Hospital, in which he was served by a support staff of secretaries, office nurses, and stenographers, all of whom were paid by the private hospital.
The instant record offers evidence that, on the one hand, Dr. Bors-Koefoed had some discretion over the day-to-day details of his practice and may have been solely responsible for the medical decisions concerning the treatment of plaintiffs, yet, on the other, was subject to some degree of direction and control by his public employer. There thus remains a genuine issue of material fact with respect, at least, to whether or not the nature of defendant’s employment insulated him from liability for the matter at bar.
ORDER
For the foregoing reasons, it is hereby ORDERED, that the defendant Roy Bors-Koefoed’s motion for summary judgment is DENIED.

 See also, Miller v. Kurkjian, Civil Action No 95-1723B (Norfolk Sup. Ct. Feb. 23, 1999) [9 Mass. L. Rptr. 591 (April 26, 1999)], in which Gants, J., reviewed the development of the standard for vicarious liability in cases involving alleged negligence by physicians.