The minor plaintiff James H. Latour (“Latour”), by his father and next friend James W. Latour, brought this action against the defendants Henry DeGroot, III, *352 M.D. (“Dr. DeGroot”) and the Commonwealth of Massachusetts/University of Massachusetts Medical Center for damages incurred as a result of Dr. DeGroot’s allegedly negligent care and treatment of Latour. Dr. DeGroot has moved for summary judgment, on the grounds that at all times relevant to this case he was acting as a public employee subject to the direction and control of a public employer, the University of Massachusetts Medical Center (“UMMC”), and as such he is immune from liability under G.L.c. 258, §2. For the reasons set forth below, the-defendant’s motion is DENIED.
I. BACKGROUND
The summary judgment record, viewed in the light most favorable to the plaintiffs, reveals the following.
From 1995 through 1999, Dr. DeGroot was employed as a staff physician in the Department of Orthopedics and Physical Rehabilitation (“the Department”) at the UMMC, and as an Assistant Professor at the UMMC. Pursuant to the terms of his employment contract with the UMMC, Dr. DeGroot was required to abide by the policies, rules, and regulations adopted by the UMMC Board of Trustees. As a condition of his employment, Dr. DeGroot was required to participate in tíie UMMC’s Group Practice Plan, whereby all monies collected from patients were deposited into a UMMC account for purposes established by the Trustees of the UMMC. Dr. DeGroot participated in the Commonwealth’s contributory retirement plan, and he also received health, dental, and life insurance benefits offered to employees of the Commonwealth.
Dr. DeGroot was paid a fixed salary determined by the chair of the Department, Dr. Arthur Pappas, M.D. (“Dr. Pappas”). Dr. Pappas testified at his deposition that the Department also had an incentive plan in' place that was based partly on a physician’s productivity, and that Dr. DeGroot would have been eligible for these incentives. Dr. DeGroot also received compensation for non-UMMC work, such as conducting independent medical examinations for Boston Medical Evaluations and performing expert services as a consultant for attorneys in medical malpractice actions. Additionally, Dr. DeGroot had admitting and surgical privileges at a private, non-UMMC facility, St. Vincent’s Hospital.
Dr. Pappas maintained general oversight over the administrative details of the Department. Dr. Pappas’ supervision, however, did not impact Dr. DeGroot’s day to day activities, nor did it dictate how Dr. DeGroot treated his patients. Dr. Pappas testified in his deposition that he was not routinely involved in the day-today details of patient care. Dr. Pappas only became involved with patient care “when asked,” but doctors in the Department such as Dr. DeGroot were in no way required to follow Dr. Pappas’ advice. Dr. DeGroot was not required to seek Dr. Pappas’ approval in admitting patients or in determining whether or not to perform surgery on a patient, or what type of surgery to perform. Although Dr. DeGroot was required to attend monthly Department meetings, Dr. Pappas described these meetings as “totally administrative,” and there were “no presenting details of patient care” at these meetings.
Dr. DeGroot was required to obtain Dr. Pappas’ approval when he wanted to take vacation and personal time. However, Dr. Pappas did not regulate Dr. DeGroot’s daily schedule. As Dr. DeGroot testified in his deposition: “The actual hours of your work are not ... set out in any specific detail. You just have to work until the work is done.” Although Dr. DeGroot was required to initially see all patients assigned to him by the UMMC, he retained the discretion to decline to treat such patients, provided that he made arrangements to transfer the patient’s care to another physician. As part of his “elective practice,” Dr. DeGroot also received outside patients on a referral basis, although these patients were then billed according to the Guidelines of the UMMC Group Practice Plan.
On September 22, 1997, Latour was involved in a motor vehicle accident, and as a result of his injuries he was admitted to UMMC as an in-patient. Between September 22, 1997 and November 19, 1997, Dr. DeGroot was Latour’s main treating physician, and during this span of time Dr. DeGroot performed multiple orthopedic procedures on Latour’s left leg. As with all of his other patients, Dr. DeGroot exercised his independent medical judgment when he treated Latour. Dissatisfied with the care provided by Dr. DeGroot, on November 19, 1997 Latour’s father had his son transferred to a different hospital. Latour, by his father and next friend James W. Latour, subsequently brought this action against Dr. DeGroot and the UMMC, alleging that Dr. DeGroot’s negligent treatment of Latour in 1997 resulted in severe personal injuries. Latour’s parents have also brought claims against Dr. DeGroot and the UMMC for loss of consortium.
II. DISCUSSION
Summary judgment is appropriate where there are no issues of genuine material fact, and the moving party is entitled to judgment as a matter of law. Ng Bros. Constr., Inc. v. Cranney, 436 Mass. 638, 643-44 (2002), citing Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991); see also Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no triable issue of material fact. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the non-moving party’s case, or by showing that the non-moving party has no reasonable expectation of proving an essential element of its case at trial. Kourouvacilis, 410 Mass. at 716. When the non-moving party bears the burden of proof on an issue for *353 which summary judgment is sought, that party must oppose the motion with admissible evidence on the issue in order to defeat the summary judgment motion. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When presented with a motion for summary judgment, the court must consider the evidence in the light most favorable to the non-moving party. Beal v. Board of Selectmen of Hingham, 419 Mass. 535, 539 (1995).
Dr. DeGroot contends that he was a public employee of the Commonwealth at all times relevant to this action, and that therefore he is immune from liability under the provisions of the Massachusetts Tort Claims Act (“MTCA”). Under G.L.c. 258, §2, “[N]o] . . . public employee shall be liable for any injury or loss of property or personal injury or death caused by his negligent or wrongful act or omission while acting within the scope of his office or employment.” Whether an individual is a public employee is a question of fact. Williams v. Hartman, 413 Mass. 398, 400 (1992), citing Rowe v. Arlington, 28 Mass.App.Ct. 389, 391 (1990).
The parties agree that the UMMC is a “public employer” under the MTCA. See McNamara v. Honeyman, 406 Mass. 43, 47 (1989); Robinson v. Commonwealth, 32 Mass.App.Ct. 6, 9 (1992). However, the fact that the UMMC is a public employer does not conclusively establish that all of its staff members are “public employees” entitled to the protection of the MTCA. McNamara 406 Mass. at 48, citing Smith v. Steinberg, 395 Mass. 666, 668 (1985). Rather, the key inquiry “is whether a person is subject to the direction and control of a public employer.” Smith, 395 Mass. at 667, citing Kelley v. Rossi, 395 Mass. 659, 661 (1985). The Supreme Judicial Court has noted that the very nature of a physician’s function suggests that in most instances, the physician will be considered an independent contractor, and not a public employee. Williams, 413 Mass. at. 400-01; see also Kelley, 395 Mass. at 662.
“A physician is not necessarily a public employee simply because a public entity pays his or her salary, provides a retirement fund, or manages a vacation schedule.” Williams, 413 Mass. at 400. Rather, the Court must focus on whether the public employer controls the details of the physician’s day to day activities and the physician’s treatment of the patient. See id. at 400-01. Relevant factors for the Court to consider include whether the defendant had control over his hours of work, where he worked and which patients he would treat, whether his income was based on the number of patients he treated, and whether he also held staff appointments at private hospitals during the relevant time frame. Smith, 395 Mass. at 669.
The summary judgment record shows that there is a genuine issue of material fact as to what extent the public employer exercised control over Dr. DeGroot. A jury could reasonably find, based on the factual record[4] that Dr. DeGroot exercised a great deal of discretion over his day to day activities, as well as his treatment of Latour, and that any supervision on Dr. Pappas’ part was limited to general oversight of essentially administrative matters. Additionally, it is worth noting that in Moran v. Caulkins, Civil No. 971310 (Worcester Super.Ct. Dec. 19, 2000) (Butler, J.) (12 Mass. L. Rptr. 667), this Court denied the defendant UMMC physician’s motion for summary judgment on facts quite similar to the case at bar. Other Superior Court judges have also declined to grant summary judgment to UMMC staff members in situations factually analogous to this case. See, e.g., Mahoney v. Bors-Koefoed, Civil No. 96-666A (Worcester Super.Ct. May 24, 2000) (Toomey, J.) (11 Mass. L. Rptr. 608); Maloney v. Herrmann, Civil No. 951809B (Worcester Super.Ct. Mar. 23, 1998) [Fecteau, J.). Therefore, whether UMMC had direction and control over Dr. DeGroot’s actions at the time of his allegedly negligent treatment of Latour remains a genuine issue of material fact.

ORDER

For the foregoing reasons, it is hereby ORDERED that the defendant Henry DeGroot, III, M.D.’s motion for summary judgment be DENIED.

The affidavits submitted by Dr. Latour and Dr. Pappas are, at times, inconsistent with their deposition testimony as to the extent of Dr. Pappas’ control over the details of Dr. DeGroot’s day to day activities. It is for the jury, and not this Court, to resolve these inconsistencies.