This action arises from a bicycle collision on the Cape Cod Rail Trail between a child on a supervised school field trip and a passing cyclist. The plaintiffs, Paul and Karen Vandenberg, appeal from a Superior Court judgment, entered on the defendants' motion for summary judgment, dismissing their negligence claims against the town of Williamstown (town) and others.[4] ,[5] The plaintiffs contend that (1) the chaperones who supervised the field trip were not public employees and thus may be held personally liable for their negligence, and (2) the Massachusetts Tort Claims Act, G. L. c. 258, does not preclude their claims against the town. We affirm.
Discussion. "In reviewing a grant of summary judgment, 'we assess the record de novo and take the facts, together with all reasonable inferences to be drawn from them, in the light most favorable to the nonmoving party.' " Jane J. v. Commonwealth, 91 Mass. App. Ct. 325, 327 (2017), quoting from Pugsley v. Police Dept. of Boston, 472 Mass. 367, 370-371 (2015).
1. Public employees. The plaintiffs contend that the court erred when it concluded that the chaperones supervising the elementary school field trip were public employees as a matter of law. They suggest that the chaperones were independent contractors who had broad discretion in exercising their duties and therefore should not be afforded the liability protections provided by G. L. c. 258, § 2.
"The test for determining whether an individual is a public employee is the same as that used to establish 'whether an agent is a servant for whose negligent acts a principal may be liable under the common law doctrine of respondeat superior.' " McNamara v. Honeyman, 406 Mass. 43, 48 (1989), quoting from Kelley v. Rossi, 395 Mass. 659, 661 (1985). "The basic question is whether a person is subject to the direction and control of a public employer." Williams v. Hartman, 413 Mass. 398, 400 (1992), quoting from Smith v. Steinberg, 395 Mass. 666, 667 (1985). See G. L. c. 258, § 1. Moreover, "it is the right to control, as opposed to actual control, that is determinative." Peters v. Haymarket Leasing, Inc., 64 Mass. App. Ct. 767, 774 (2005).
Here, even if we draw all inferences in a manner favorable to the plaintiffs, the undisputed facts show that the principal and the teachers retained the right of control and that the chaperones were subject to their direction and control as a matter of law. Before the field trip, the school held a chaperone meeting where the chaperones were given guidelines for their duties on the trip.[6] The guidelines state in part that "[t]he teacher is in charge and her/his directions must be followed at all times." The guidelines also instruct the chaperones to "follow all safety rules," "do not leave children alone or unescorted," and "keep the groups together."
The plaintiffs concede that "the town maintained general oversight of all elements of the field trip," but contend that the chaperones were independent contractors because they used their own judgment and discretion in supervising the students on the bike trail. However, "it is not necessary that the master have the right to control the details of the servant's activities or his exercise of judgment in carrying out the master's instructions." Hohenleitner v. Quorum Health Resources, Inc., 435 Mass. 424, 431 (2001). Viewing the evidence in the light most favorable to the plaintiffs, even if the chaperones had some latitude to exercise their judgment during the bicycle trip, the town retained the right to control their activities.[7] The chaperones were employees as a matter of law.[8]
2. General Laws c. 258. The plaintiffs maintain that the court erred in dismissing their negligence claims against the town under G. L. c. 258, § 10(b ). They acknowledge that G. L. c. 258, § 10(b ), bars them from challenging the town's chaperone policy, but contend that their negligent supervision claims are nevertheless permissible under the statute. The defendants maintain that they are immune from suit under G. L. c. 258, § 10(j ).
We agree with the plaintiffs that G. L. c. 258, § 10(b ), does not bar a negligent supervision claim. See Alake v. Boston, 40 Mass. App. Ct. 610, 613 (1996) ("While student supervision involves some exercise of discretion ... it does not, under part two of the Stoller test,[9 ] rise to the level of a 'policy or planning' function immunized by the act"). However, even if the plaintiffs can establish that the defendants were negligent, the claim remains barred by G. L. c. 258, § 10(j ).
General Laws c. 258, § 10(j ), as amended by St. 1993, c. 495, § 57, provides governmental immunity from liability for "an act or failure to act to prevent or diminish the harmful consequences of a condition or situation ... which is not originally caused by the public employer or any other person acting on behalf of the public employer." " '[O]riginally caused' means an affirmative act that creates the circumstance which results in the harm inflicted by the third party." Jane J., 91 Mass. App. Ct. at 328. See Jacome v. Commonwealth, 56 Mass. App. Ct. 486, 489 (2002). See also Brum v. Dartmouth, 428 Mass. 684, 696 (1999) ("To interpret ... the subordinate clause referring to 'originally caused' conditions, to include conditions that are, in effect, failures to prevent harm, would undermine that principal purpose"). "The requirement of an 'affirmative act' is strict; it is also quite distinct from a failure to prevent the harm." Jane J., supra. For liability to exist, the government agent's act "must have materially contributed" to the creation of the "specific condition or situation that resulted in the harm." Jacome, supra, quoting from Kent v. Commonwealth, 437 Mass. 312, 319 (2002).
Here, the plaintiffs list of affirmative acts[10] -which they claim originally caused and materially contributed to the harm against the plaintiffs-are too attenuated to constitute an original cause of Mr. Vandenberg's injuries. See Brum, supra at 695. In light of the intention of § 10(j )"to provide some substantial measure of immunity from tort liability to government employers[,] ... we must not adopt an interpretation of the statute that construes the words 'originally caused' so broadly as to encompass the remotest causation and preclude immunity in nearly all circumstances." Ibid. We are unpersuaded that any of the affirmative acts relied upon by the plaintiffs could be found, as a matter of law, to have materially contributed to the creation of the specific condition that resulted in the harm to Mr. Vandenberg. See Kent, supra. Compare Bonnie W. v. Commonwealth, 419 Mass. 122, 125-128 (1994).
At best, the plaintiffs have shown that the failure to keep the students in a single line was negligent, but the failure to act does not constitute an original cause. The crux of the plaintiffs' argument remains that the chaperones' failure to adequately supervise the children led to the complained-of injuries. Nevertheless, the affirmative act that originally caused Mr. Vandenberg's injuries was the child's negligent operation of the bicycle, which cannot be construed as an affirmative act of the defendants. "Even if a public employer does not create a dangerous condition or situation by an affirmative act, its failure to prevent or mitigate harm from that dangerous condition or situation may cause an injury. A claim based on such an injury is barred." Audette v. Commonwealth, 63 Mass. App. Ct. 727, 733 (2005). The essence of the plaintiffs' claim is that the defendants negligently failed to prevent harm, a claim for which the defendants are immune from suit under G. L. c. 258, § 10(j ), as a matter of law. See Jacome, supra.
3. Remaining arguments. There was no abuse of discretion in vacating the default against the Williamstown-Lanesborough Public Schools-a superintendence union which the defendants claim is not a legal entity. See Mass.R.Civ.P. 55(c), 365 Mass. 822 (1974) ("For good cause shown the court may set aside an entry of default"); G. L. c. 71, § 61 (defining superintendence unions). Regardless, our conclusion that the defendants are immune from liability under G. L. c. 258, § 10(j ), would warrant entry of summary judgment in favor of the defendants on this claim. See Vining v. Commonwealth, 63 Mass. App. Ct. 690, 696 (2005) (Massachusetts Tort Claims Act's § 10 defenses are jurisdictional and may be raised at any time or by a court sua sponte).
Finally, the plaintiffs contend that the trial judge erred by granting summary judgment after previously denying the defendants' motion to dismiss. The disposition of a motion to dismiss has no bearing on the disposition of a motion for summary judgment, which is judged by a different standard. There was no error.
Judgment affirmed.

The defendants include the principal of Williamstown Elementary School, a teacher at the school, and parents who were chaperoning the elementary school field trip at the time of the accident.

Karen Vandenberg's loss of consortium claim was also dismissed once summary judgment was allowed for the defendants on the underlying tort claim.

It appears from the summary judgment record that not all chaperones attended the meeting, but all had a copy of the guidelines.

The chaperones were further instructed to keep the students in line while riding the bikes, to control their speed, to follow the map, and to end the ride at a certain location. They were also assigned specific groups of students to supervise, and were told to position themselves in certain sections of the line of riders.

Since we conclude that the chaperones were public employees we need not address the plaintiffs' retained control argument, cf. Ku v. Framingham, 62 Mass. App. Ct. 271, 274-275 (2004), nor the question whether the chaperones owed the plaintiffs a duty.

See Harry Stoller & Co. v. Lowell, 412 Mass. 139 (1992).

The affirmative acts include: (1) the sponsoring and planning of the field trip, (2) the selection of the chaperones, (3) the planning of the bicycle trip, (4) the training and instruction provided to the students and chaperones, (5) the discretion afforded to the chaperones, and (6) the principal and teachers' decision to ride in the back of the bicycling students.