HENRY SCHENKER vs. MICHAEL BINNS & another.[1]

Worcester. March 16, 1984. — July 23, 1984.

Present: ARMSTRONG, CUTTER, & DREBEN, JJ.

*Massachusetts Tort Claims Act. Practice, Civil,* Amendment. *Negligence,* Physician, Public employee. *Contract,* With doctor. *Assault and Battery.*

A claim based, in substance, upon alleged medical malpractice by a physician and a medical orderly in the employ of the University of Massachusetts was governed by G. L. c. 258, the Massachusetts Tort Claims Act, although the plaintiff's amended complaint sought to present the claim in terms of breach of contract, which is not covered by the act [405-406], and assault and battery, which is specifically excluded from the act [406-407].

CIVIL ACTION commenced in the Superior Court Department on May 11, 1982.

The case was heard by *Meagher, J.,* on a motion to dismiss.

*James L. Clifford* for the plaintiff.

*Robert V. Deiana* for the defendants.

DREBEN, J. The general structure of G. L. c. 258, the Massachusetts Tort Claims Act (Act), imposes liability on a public employer for a public employee's negligent act performed within the scope of his employment and relieves the public employee from liability. See G. L. c. 258, § 2, set forth in relevant part in the margin.[2] The question before us is whether

---

[1] John J. Monahan, M.D.

[2] Section 2, inserted by St. 1978, c. 512, § 15, in part, provides: "Public employers shall be liable for . . . personal injury . . . caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his . . . employment. . . . The remedies provided by this chapter shall be exclusive of any other civil action or proceeding by reason of the same subject matter against the public employer or, the public employee . . . whose negligent or wrongful act or omission gave rise to such

by casting what is essentially a negligence action in terms of contract or assault and battery, the plaintiff can exclude his claims from the operation of the Act.

The plaintiff's original complaint, in separate counts against each defendant, alleged negligence by a public employer, the University of Massachusetts, and by two public employees, an unnamed doctor (John Doe), and an orderly, Michael Binns. After the action against the University was dismissed for failure to follow the presentment requirements of G. L. c. 258, § 4, see *Vasys* v. *Metropolitan Dist. Commn.*, 387 Mass. 51, 55 (1982), and after the plaintiff had been allowed to amend his complaint by inserting the name of the physician, the individual defendants moved to dismiss the action against them. Their motions were allowed.

The plaintiff unsuccessfully sought leave to file a second amended complaint which made the same claims against the individual defendants, namely that the doctor left the patient in the hands of an unqualified orderly and that the orderly, in removing a pin from the plaintiff's leg, cut the patient's flesh. Instead of alleging negligence, the claims now were framed in terms of breach of contract and assault and battery. There was no error in the denial of the plaintiff's motion to amend and in the entry of judgment for the defendants, as no claim for relief had been stated in the amended complaint against the public employees. See G. L. c. 258, § 2 (note 2, *supra*).

The plaintiff urges that the Act applies only to negligence claims, that actions in contract are not covered and that § 10(*c*) of the Act provides a specific exclusion for intentional torts, including assault and battery.[3]

1. *Contract claims.* Other statutes governing actions of tort have been construed by the Supreme Judicial Court and this court to cover claims sounding in contract. The reason is that

---

claim, and no such public employee . . . shall be liable for . . . personal injury . . . caused by his negligent or wrongful act or omission while acting within the scope of his . . . employment; . . ."

[3] Section 10(*c*), inserted by St. 1978, c. 512, § 15, provides in relevant part: "The provisions of sections one to eight, inclusive, shall not apply to:

"  . . . .

"(*c*) any claim arising out of an intentional tort, including assault, battery . . . ."

there is "essentially little difference between the elements of proof in a tort action for personal injury and a contract action for the same . . . . The duty of the defendant is the same whether the action is in tort or in contract." *Thomas* v. *Massachusetts Bay Transp. Authy.,* 389 Mass. 408, 409-410 (1983). See *Scandura* v. *Trombly Motor Coach Serv., Inc.,* 370 Mass. 612, 618 (1976). See also *Wolfe* v. *Ford Motor Co.,* 386 Mass. 95, 98-100 (1982); *Klein* v. *Catalano,* 386 Mass. 701, 719-720 & n.19 (1982); *O'Malley* v. *Putnam Safe Deposit Vaults, Inc.,* 17 Mass. App. Ct. 332, 343-344 (1983). An examination of the plaintiff's second amended complaint shows that the contract counts are not substantially different from those previously raised in the negligence counts — what is at stake here is a malpractice action based on negligence.[4] See *Woolley* v. *Henderson,* 418 A.2d 1123, 1135 (Me. 1980).

The policy against allowing form to prevail over substance is particularly strong in construing the Act in view of the explicit provision in § 2 making its remedies exclusive. Accordingly, we hold that where, as here, the "essential nature of the plaintiff's claim is recovery for personal injuries founded on . . . negligence," *Thomas* v. *Massachusetts Bay Transp. Authy.,* 389 Mass. at 410, his action, whether it be denominated tort or contract, is governed by c. 258. Cf. *Krysztalowski* v. *Fortin,* 108 N.H. 187, 189 (1967).

2. *Assault and battery.* The plaintiff fares no better in his claim for assault and battery, although he correctly points out that the technical elements of a battery are satisfied by his allegation that the removal of the pin by the orderly was without his consent. *Reddington* v. *Clayman,* 334 Mass. 244, 245-247 (1956). *Matter of Spring,* 380 Mass. 629, 638 (1980). He is also correct that c. 258, § 10(*c*), see note 3, *supra,* establishes an exception to the application of c. 258 for intentional torts, including assault and battery. Here again, however, we must look not to the theory upon which the plaintiff elects to proceed,

---

[4] Despite the plaintiff's argument to the contrary, his claims do not fall within the ambit of *Sullivan* v. *O'Connor,* 363 Mass. 579 (1973), or *Salem Orthopedic Surgeons, Inc.* v. *Quinn,* 377 Mass. 514 (1979).

but rather to the substance of the claim which he asserts. *Wolfe* v. *Ford Motor Co.,* 386 Mass. at 100.[5]

The Federal cases construing the Federal Tort Claims Act provide guidance in construing this section of the Act. *Ortiz* v. *Hampden,* 16 Mass. App. Ct. 138, 139-140 (1984). See *Packaging Indus. Group, Inc.* v. *Cheney,* 380 Mass. 609, 611 (1980). In *Lane* v. *United States,* 225 F.Supp. 850 (E.D. Va. 1964), a doctor operated on the plaintiff's right leg instead of on his left leg. While acknowledging that the surgeon committed a "technical" assault and battery, the court held that the exception for "assault and battery" did not apply. There was no intentional wrongful act on the part of the surgeon; the act was one of "sheer carelessness." *Id.* at 852-853. See also *Woods* v. *United States,* 720 F.2d 1451, 1453 (9th Cir. 1983), and *Ramirez* v. *United States,* 567 F.2d 854 (9th Cir. 1977). Contra *Moos* v. *United States,* 225 F.2d 705 (8th Cir. 1955). There is here no allegation of an intentional wrongful act. See and compare *Lojuk* v. *Quandt,* 706 F.2d 1456, 1458, 1461 (7th Cir. 1983).

As stated by the Supreme Court of Maine "It places form over substance to elevate what is essentially a negligence action to the status of an intentional tort based on the fortuity that touching is a necessary incident to treatment." *Woolley* v. *Henderson,* 418 A.2d at 1133.

*Judgment affirmed.*

---

[5] In the medical malpractice area it has become evident that battery is not always a useful concept. See *Matter of Spring,* 380 Mass. at 638. Thus, in the "informed consent" actions where the claim is made that a doctor gave insufficient medical information to a patient for the latter to make an "informed consent," the doctor's duty is expressed in terms of a "duty to disclose in a reasonable manner" to a patient "significant medical information that the physician possesses or reasonably should possess," criteria sounding in negligence. See *Harnish* v. *Children's Hosp. Medical Center,* 387 Mass. 152, 154-155 (1982); *Halley* v. *Birbiglia,* 390 Mass. 540, 548 (1983).