McEvoy, J.
The plaintiff, Pinecrest Village, Inc. (Pinecrest), seeks summary judgment on Count I of its complaint which asks this court to declare that G.L.c. 148 §261, the fire prevention statute, which requires the installation of sprinkler systems in certain buildings, is inapplicable to the development at Pinecrest Village. The plaintiff also asks this court to rule that the Fire Chiefs determination that this development required sprinkler systems was erroneous because Pinecrest is a development of multiple single family residential units, classified under the state building code as “Use Group R-3,” a classification that the plaintiff alleges is exempt from the statutory requirement.[2] The defendant, Richard J. MacMillan (MacMillan), seeks summary judgment as to Count I, asserting that his decision that the statute requires installation of sprinkler systems should be allowed to stand, because as a matter of law the statute requires sprinklers. An amicus brief in support of MacMillan’s motion was filed by the State Fire Marshall who asks this court to hold that the statute requires the installation of sprinklers in those buildings with four or more adjacent condominium units. The State Fire Marshall and the defendant MacMillan further ask this court to hold that the language in the statute, “... shall be equipped with an approved system of automatic sprinklers in accordance with the state building code” means the manner of installation, and not, compliance with the code. The defendants, Richard J. Bowker (Bowker) and the Town of Hopkinton (Town), are in agreement with the plaintiffs argument that the statute is inapplicable to the Pinecrest development and move for summary judgment as to Count I. In addition, Bowker and the Town move for summary judgment on Counts II and III of the complaint, on the grounds that the causes of action are barred by G.L.c. 258 §§2 and 10.[3]
BACKGROUND
In October, 1990, the Town at a Town Meeting, voted to accept the provisions of G.L.c. 148 §261, which states:
§261. Multiple dwelling units; new construction; automatic sprinkler systems
In a city, town or district which accepts the provisions of this section, any building hereafter constructed or hereafter substantially rehabilitated so as to constitute the equivalent of new construction and occupied in whole or in part for residential purposes and containing not less than four dwelling units including, but not limited to, lodging houses, boarding houses, fraternity houses, dormitories, apartments, townhouses, condominiums, hotels, motels and group residences, shall be equipped with an approved system of automatic sprinklers in accordance with the provisions of the state building code.
After the Town’s approval of the statute, Pinecrest applied to the Town Building Inspector for a building permit to construct the Pinecrest Village development. The development contains two story high structures with between six and eight single family townhouse units in each structure. Each unit is considered a separate and independent residential dwelling and is purchased by way of condominium ownership. The construction is such that the separation walls between each unit and its adjacent unit are made up of two hour fire resistant material and each unit has an independent means of egress.
Initially, Bowker believed that §261 applied to the proposed Pinecrest development and issued a permit which required the installation of sprinklers. Pinecrest complied with this permit. At a subsequent Building Inspectors and Commissioners Association meeting, Bowker was advised that §261 did not apply to buildings meeting Pinecrest’s description (Use Group R-3). *87 A second building permit issued by Bowker to Pinecr-est did not contain the sprinkler requirement.
In March, 1993, MacMillan, acting as Town Fire Chief, pursuant to G.L.c. 148 §30, ordered Pinecrest and the individual owners to equip each unit with an automatic sprinkler as required by §261. In October, 1993, Pinecrest filed this action seeking declaratory relief from MacMillan’s order and damages from Bow-ker and the Town.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). If both parties have moved for summary judgment and “there is no real dispute as to the salient facts” or if a case only involves a question of law, the court will grant summary judgment to the party entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. at 422.
The facts are essentially not in dispute, rather the only issue remaining is this court’s interpretation of the statute. The plaintiff challenges the Fire Chiefs decision on the grounds that this development, classified as Use Group R-3, is exempt from the statute’s sprinkler requirement because the state building code, not the statute, controls whether sprinklers are required in this Use Group. Defendant, MacMillan, with the support of amicus State Fire Marshall, counter with the argument that MacMillan’s order requiring Pinecrest to install a sprinkler system is the correct interpretation of the statute and they further seek a ruling that the statute controls the state building code.
This court adopts the reasoning of this Court in the recent Superior Court decision of Plute Home Corp of Mass. v. Department of Public Safety et al., Civil No. 1985 (Middlesex Super. Ct. January 19, 1996).[4] Piute determined that the plain language of §261 covers new residential buildings which contain four or more dwelling units and requires the installation of sprinklers in those buildings containing four or more dwelling units. See Commissioner of Revenue v. AMIWoodbroke, Inc., 418 Mass. 92, 94 (1994) (“The general rule of construction is that where the language of the statute is plain, it must be interpreted in accordance with the usual and ordinary meaning of the words.”); case of Gately, 415 Mass. 397, 399 (1993) (“In a statute words are to be accorded their ordinary meaning and approved usage.”); Commonwealth v. One 1987 Mercury Cougar Auto., 413 Mass 534, 537 (1992) (“It is a well-established canon of construction that, where the statutory language is clear, the courts must impart to the language its plain and ordinary meaning”). All buildings in the Pinecrest development contain more than four dwelling units and should, in accordance with the statutory requirements, contain sprinkler systems.
As the court decided in Piute, this court so too decides, that the statute, not the state building code, controls the issue as to whether sprinklers are required in those buildings classified as Use Group R-3. The scope provision in the state building code states that the code covers those matters not “otherwise provided for in the Massachusetts General Laws.” 780 Code Mass. Regs. §100.2 (1980). Piute gave great weight and deference to the defendant, Fire Marshall’s decision, that the Use Group R-3 classification did not exempt plaintiffs property from the automatic sprinkler requirement, but rather, allowed for an “alternative design”; and adopted this interpretation in the decision. Although this case does not involve a 30A appeal, the reasoning is nevertheless persuasive.
There has been a request that this court hold that the language in §261 “. . . shall be equipped with an approved system of automatic sprinklers in accordance with the provisions of the state building code” means manner of installation, not, compliance with the code. However, interpreting the statute in that fashion would essentially nullify §26I’s requirements since the code does not include a requirement of sprinkler systems.[5] The state building code does, however, contain sections detailing the installation of “water sprinkler systems.” 780 Code Mass. Regs. §1004.1-1004.8 (1992), which the statute does not.
The plaintiff brought Counts II and III against Bowker and the Town as alternative arguments in the event that this court ruled against it on Count I. The defendants, Bowker and the Town, have moved for summary judgment on those counts on the grounds that they are entitled to judgment as a matter of law. This court has ruled against the plaintiff as to Count I and finds that Counts II and III are barred as a matter of law under the Massachusetts Tort Claims Act, G.L.c. 258 (MTCA).
Count II alleges negligence against Bowker for incorrectly interpreting §261 and its applicability to the Pinecrest development. This cause of action fits squarely into the MTCA exception for municipal employees: “No public employee shall... be liable for any injury or loss of property or personal injury or death caused by his negligent or wrongful act or omission while acting within the scope of his office or employment.” G.L.c. 258 §2. Although Inspector Bowker’s interpretation was erroneous, at all times he was “acting within the scope of his office or employment,” and therefore, can not be held liable for damages. See Taplin v. Town of Chatham, 390 Mass. 1, 2 (1983). Bowker is entitled to judgment as a matter of law.
*88 Count III alleges negligence against the Town for the negligent actions of its employees, MacMillan and Bowker. This claim’s bar is the public duty rule exception, which renders the claim a nullity. The public duty rule states that a municipality shall not be liable for “any claim based upon the issuance, denial, suspension or revocation or failure or refusal to issue, deny, suspend or revoke any permit, license, certificate, approval, order or similar authorization.” G.L.c. 258 § 10(e).
Massachusetts law requires that Pinecrest demonstrate that the municipality owed it a special duty, different from that owed to the public at large, or the claim is barred. Dinsky v. Framingham, 386 Mass. 801, 810 (1982). “The State Building Code speaks in terms of a public interest only.” Id. at 809. In his role as building inspector Bowker was operating as he would with any other applicant for a permit, therefore, he owed no special duty to Pinecrest. Even if Bowker’s issuance of tire building permit without the sprinkler requirement constituted negligence, the Town can not be held liable for a negligence claim based upon the issuance of that permit. G.L.c. 258 §10(e). “There is nothing in the General Laws or in the State Building Code which shows a legislative intent to impose liability on a municipality to individual properly owners for the negligent issuance of the building permits and the non enforcement of the State Building Code.” Dinsky v. Framingham, 3-86 Mass. at 809-10.[6]
ORDER
For the foregoing reasons, it is therefore ORDERED that the plaintiffs motion for summary judgment be DENIED, that the defendant MacMillan’s motion for summary judgment be ALLOWED, and that the defendants, Bowker and Hopkinton’s motion for summary judgment be DENIED as to Count I, and GRANTED as to Counts II and III.

The complaint contains three counts. Count I is against all defendants and seeks declaratory relief that G.L.c. 148 §261 is inapplicable to the Pinecrest development (Use Group R-3). Count II is an action for negligence against the defendant, Inspector Bowker, and seeks damages if Count I is not decided in the plaintiffs favor. Count III is an action for negligence against the defendant, Town of Hopkinton, and seeks damages for the actions of town employees, defendants, Bowker and MacMillan, if Count I is not decided in plaintiffs favor.
The classification of Pinecrest Village as “Use Group R-3" is undisputed.
Use Group R-3 structures: This group shall include all buildings arranged for the use of one- or two-family dwelling units, including not more than three(3) lodgers or boarders per dwelling unit, and as provided in Section 910.3 for multiple single-family dwelling units. 780 Code Mass. Regs. §309.4 (1992).
910.3 Multiple single-family dwellings: Single-family dwelling units (Use Group R-3) located above or adjacent to other single-family dwelling units (Use Group R-3) shall be considered as one building classified as Use Group R-3 for the purpose of determining the applicable provisions of this code, provided each dwelling unit is completely separated from the adjacent dwelling unit(s) by fire separation wall(s) and floor/ceiling assemblies of not less than 1-hour fire resistance rated construction and each unit has independent means of egress. 780 Code Mass. Regs. §910.3 (1992).
The state building code provision at issue here states:
1002.1 Where required: Fire suppression systems shall be installed and maintained in full operating condition, as specified in this code, in the locations indicated in Sections 1002.2 through 1002.21. (Note: Requirements for detoxification facilities, Use Group R-l, are contained in Section 637.0.

Fire Suppression Systems may be required to be installed in Use Groups other than listed below, in communities which have adopted local option laws also under M.G.L.c. 148, Section 26.)

Exception: Buildings of Use Group R-3.

780 Code Mass. Regs. §1002.1 (1992).

The plaintiff filed no opposition to Bowker and the Town’s motion as to Counts II and III.

The case was filed as a G.L.c. 30a §14 review of a decision of the defendant, State Fire Marshal, which required the plaintiff to install automatic sprinkler systems in a condominium development. The defendant, Waltham Fire Chief, had issued a notice of violation of fire laws and ordered that a sprinkler system be installed. The plaintiff appealed to the State Fire Marshal who affirmed the Fire Chief’s order. See Contra, Fafard Real Estate and Development Corp. v. Karayianes, Civil No. 5878 (Middlesex Super. Ct. November 16, 1993)(court ruled that R-3 townhouse condominiums were exempt from §261).

The state building code does not include a requirement for the installation of sprinklers in any of the residential structures enumerated in §261.

This court recognizes the additional MTCA bar of the discretionary function exception raised by the defendant, Hopkinton, in the motion for summary judgment, but since summary judgment was granted on Count III under the public duty rule, the discretionary function exception will be addressed as an alternative theory warranting the grant of summary judgment.
Under the MTCA, claims against a government agency are barred if the claim is “based upon the exercise or performance or failure to exercise or perform a discretionary function or duty on the part of a public employer or public employee, acting within the scope of his office or employment, whether or not the discretion involved is abused.” G.L.c. 258 § 10(b). A discretionary function is defined as a situation when a government official uses judgment and discretion when deciding what type of action to take in a particular case. Pina v. Commonwealth, 400 Mass. 408, 415 (1987).
Bowker was charged with the interpretation of a statute which gave little guidance to the building inspectors and was subject to different interpretations. In an exercise of his discretion and in reliance upon information he had obtained from other building inspectors, Bowker determined that a sprinkler system was not necessary at the Pinecrest Village development. Since Bowker was required to decide this issue without “fixed or readily ascertainable standards to fall back upon,” his act was a discretionary function. Cady v. Plymouth-Carver Regional School District, 17 Mass.App.Ct. 211, 215 (1983).
Since Bowker was at all times acting as a public employee and within the scope of his employment, his discretion in granting a building permit without a requirement for sprinklers, is protected under the discretionary function exception and the Town cannot be held liable for this action.