Houston, J.
Plaintiffs brought suit against defendants for damages arising from the plaintiffs’ purchase of a home which is allegedly in violation of state building and fire codes. Defendant Town of Wilmington (“Wilmington”) and defendants William Harrison and Daniel Wandell, in a joint motion, have moved for summary judgment. For reasons set forth more fully below, defendants’ motions for summary judgment are allowed.
BACKGROUND
In August of 1992, plaintiffs purchased a house located at 1404 Lords Court in Wilmington, Massachusetts. Prior to the closing, the properly was inspected by Wilmington’s building inspector, Harrison, in his role as plumbing inspector, and Wandell, in his capacity as fire inspector. On the basis of those inspections, an occupancy permit was issued for the premises on August 5, 1992.
The plaintiffs subsequently encountered numerous problems with the premises, including water leaks, and the cracking and peeling or paint. Plaintiffs allege that the premises fail to comply with the state building and fire codes, citing in particular inadequate sprinkler and heating systems.
Wilmington, Harrison and Wandell are party to several of the counts in the complaint, including Count I (civil conspiracy), Count II (negligence), Count III (misrepresentation and fraud), Count IV (negligent misrepresentation), and Count VI (promissory estoppel).
DISCUSSION
Summary judgment is appropriate where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The nonmoving party’s failure to prove an essential element of its case “renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991), citing Celotex v. Catrett, 477 U.S. 317, 322 (1986).
I. Wilmington’s Motion for Summary Judgment
Wilmington moves for summary judgment on two grounds, one procedural and the other substantive. On the one hand, Wilmington contends that plaintiffs’ claims are barred because they failed to make presentment of their claim as required by G.L.c. 258, §4. In responding to Wilmington’s motion, plaintiffs acknowledged their failure to comply with §4 and requested that the Court dismiss the claims against Wilmington without prejudice. Prior to filing their response, plaintiffs served Wilmington with a presentment letter and cured any procedural defect. Plaintiffs, with an eye towards reasserting their claims against Wilmington, request that the Court not foreclose them from “eventually having their day in Court” against Wilmington. However, in the interest of judicial economy, the Court will rule on Wilmington’s substantive arguments before deciding whether plaintiffs will be allowed to have another day in court against Wilmington.
Substantively, Wilmington argues that those counts premised on intentional conduct (civil conspiracy, misrepresentation/fraud, and promissory estoppel) are barred by G.L.c. 258, §10(c), and that those claims based on negligent conduct (negligence and negligent misrepresentation) are precluded by G.L.c. 258, §§ 10(e) and (f). The Court agrees.
*88 General Laws c. 258, § 10(c) provides that c. 258 shall not apply to “any claim arising out of an intentional tort, including . . . misrepresentation, deceit ...” Count III (for misrepresentation and fraud) clearly falls within this exception. Likewise, Count I (civil conspiracy) is also contemplated, although not specifically enumerated, by the language of §10c in that the essence a civil conspiracy claim is the intent to act in concert with another to the detriment of a third party.[4]
General Laws c. 258, § 10(e) states that the provisions of the Massachusetts Tort Claims Act shall not apply to “any claim based upon the issuance, denial, suspension or revocation or failure or refusal to issue, deny, suspend or revoke any permit, license, certificate, approval order or similar authorization.” Chapter 258, §10(1) likewise precludes
any claim based upon the failure to inspect, or an inadequate or negligent inspection, of any property, real or personal, to determine whether the property complies with or violates any law, regulation, ordinance or code, or contains a hazard to health or safety . . .
Plaintiffs allege that the failure of Wilmington’s employees to properly conduct fire and safety inspections, and to issue an occupancy permit based on those flawed inspections, amounted to negligence and negligent misrepresentation. Such conduct falls squarely within the scope of §§ 10(e) and (f). Seeking to avert this inevitable conclusion, plaintiffs argue that the complaint attacks Wilmington’s “policy” regarding inspections, not the individual acts of its employees. This attempted end-run is without merit. Plaintiffs cannot attack the Town’s choice of “policy” in light of the discretionary function exception contained in c. 258, §10(b). A public employer, such as Wilmington, is not subject to liability for the adoption of a policy regarding inspections and permitting because such a choice involves a “high degree of discretion and judgment involved in weighing alternatives and making choices with respect to public policy and planning.” Harry Stoller & Co. v. Lowell, 412 Mass. 139, 142 (1992), quoting Whitney v. Worcester, 373 Mass. 208, 218 (1977).
In sum, Wilmington is entitled to summary judgment on the substantive grounds that the claims asserted by plaintiffs are precluded by the Massachusetts Tort Claims Act. As such, the Court need not address the procedural issue of presentment.
II. Harrison and Wand ell’s Motion for Summary Judgment
Harrison and Wandell contend that they are entitled to summary judgment on Counts II (negligence) and IV (negligent misrepresentation) because such claims are barred by G.L.c. 258, §2. The Court agrees.
General Laws c. 258, §2 provides, in relevant part, that “(pjublic employers shall be liable for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment...” However, §2 also states that “no such public employee or the estate of such public employee shall be liable for any injury or loss of property or personal injury or death caused by his negligent or wrongful act or omission while acting within the scope of his office or employment.”
Plaintiffs allege that Harrison and Wandell’s failure to conduct proper plumbing and fire inspections constituted negligence and negligent misrepresentation. In that these claims are premised on negligent conduct, they are precluded by §2. See Monahan v. Town of Methuen, 408 Mass. 381, 392 (1990).
Plaintiffs opposition to Harrison and Wandell’s motion is based solely on the transparent argument that there remain genuine issues of material fact regarding whether Harrison and Wandell were acting within the scope of their employment. However, plaintiffs offer only bald assertions in support of this argument and the evidence on record, as well as the allegations of the complaint, fatally undermine plaintiffs’ position.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant Town of Wilmington’s motion for summary judgment on Counts I, II, III, IV and VI of the complaint is ALLOWED, with prejudice, and that defendants William Harrison and Daniel Wandell’s motion for summary judgment on Counts II and IV of the complaint is ALLOWED.

 Neither party addresses Count VI (promissoiy estoppel) and the fact that, as a contract-based claim, it is not covered by c. 258. However, Count VI is contract-based in name only insofar as the conduct alleged therein is essentially identical to that cited with regard to Counts I and III. Tort claims masquerading as contract claims are barred under c. 258. See Schenker v. Binns, 18 Mass.App.Ct. 404, 406 (1984) (“policy against allowing form to prevail over substance is particularly strong in construing the Act in view of the explicit provision in §2 making its remedies exclusive”).