Butler, J.
Presently before the court is a motion by defendant Robert M. Caulkins, M.D. (“defendant” or “Caulkins”) for summary judgment in this action and plaintiff Linda Moran’s (“plaintiff’) cross motion for partial summary judgment, filed pursuant to Rule 56(c) of the Massachusetts Rules of Civil Procedure (“Rule 56(c)”). For the reasons stated below, these motions are denied.

BACKGROUND

Defendant contends that the relief requested by plaintiff is barred by the Massachusetts Tort Claims Act, G.L.c. 258 (the “MTCA”) because, at the time he treated plaintiff, he was a public employee and thus immunized from tort liability. Plaintiffs cross motion asserts that the MTCA is no bar and that she is entitled to summary judgment with respect to liability. The undisputed facts relevant to this issue, occurring in 1994, are as follows.
This medical malpractice action was brought against Caulkins, an attending physician and Assistant Professor of Orthopedics and Physical Rehabilitation at the University of Massachusetts Medical Center (“UMMC”), based on his alleged eleventh-hour decision to perform a coral graft procedure instead of the scheduled bone graft without plaintiffs consent. Dr. Arthur M. Pappas, M.D. (“Pappas”), Chairman of Orthopedic Surgery, oversaw fifteen doctors, including Caulkins. Caulkins worked pursuant to an employment renewal contract with UMMC. This contract does not regulate the treatment of Caulkins’ patients.
Caulkins participated in the University of Massachusetts Group Practice Plan (“Group Practice”), where monies collected from patients were deposited into a Commonwealth of Massachusetts account and used for purposes established by the Trustees of the University. The Group Practice contributed to his salary based on his clinical duties, such as attending to clinic patients and providing emergency coverage. Caulkins was compensated by UMMC for teaching medical students and supervising residents. He participated in the Commonwealth of Massachusetts’ contributory retirement system and its group health and insurance plans. Only Caulkins did not see any private patients and maintained an office at UMCC.
No one controlled or directed Caulkins’ day to day activities. Pappas testified at a deposition held on January 27, 2000, that he did not exercise any control over the details of Caulkins’ treatment decisions, including the types of operations Caulkins chose to perform. Specifically, Pappas admitted that (1) no one directly supervised Caulkins’ treatment decisions; (2) Caulkins performed numerous surgeries without seeking his recommendation; (3) orthopedic doctors are able to ignore his recommendations in certain circumstances; and (4) Caulkins was authorized to perform any kind of grafting procedure on plaintiff without seeking Pappas’ advice or approval.
Similarly, Caulkins testified at his deposition,[1] inter alia, that: (1) no one controlled or directed his day-today activities; (2) he did not meet regularly with anyone to discuss his job assignments or responsibilities; (3) he treated his patients as he “thought appropriate,” deciding which operations should be performed on which patients, subject only to subsequent peer reviews/discussions; (4) he was not required to seek anyone’s opinion before performing surgeries and did not seek one in the instant case; (5) he did not need to obtain anyone’s permission to perform the grafting *668 procedure performed on plaintiff nor was he required to report to anyone concerning this procedure.

DISCUSSION

Standard for Summary Judgment Motion

Summary judgment is appropriate when no material facts are in dispute and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P 56(c); see also Highland Ins. Co. v. Aerovox, Inc., 424 Mass. 226, 232 (1997). The oft-recited particulars are set out in Pederson v. Time, Inc., 404 Mass. 14 (1989), and Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). When reviewing a summary judgment record, the court credits facts in the light most favorable to the nonmoving party. Williams v. Hartman, 413 Mass. 398, 401 (1992).

Genuine Issue of Material Fact Exists as to Whether Caulkins is a Public Employee

Caulkins asserts that he is entitled to summary judgment on all counts of the complaint because he is a “public employee” immune from personal liability for his alleged negligence under the MTCA. That statute, G.L.c. 258, §2, makes the public employer, but not the public employee, liable for claims arising out of negligence. See Schenker v. Binns, 18 Mass.App.Ct. 404, 404 (1984) (MTCA “imposes liability on a public employer for a public employee’s negligent act performed within the scope of his employment and relieves the public employee from liability”). It provides, in pertinent part: “[pjublic employers shall be liable for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment, in the same manner and to the same extent as a private individual under like circumstances . . .” G.L.c. 258, §2.
When determining “public employee” status, the dispositive question is whether a person is subject to the direction and control of a public employer. Smith v. Steinberg, 395 Mass. 666, 669 (1985); see also Kelley v. Rossi, 395 Mass. 659 (1985) (summary judgment was not appropriate because factual issues concerning the degree of direction and control over the physician exercised by the public employer remained). The Massachusetts Supreme Judicial Court instructs that physicians, in most circumstances, act as independent contractors, not public employees; the key question is whether a public employer controls the details of a physician’s day to day activities and the treatment of his patients. See Williams v. Hartman, 413 Mass. 398, 400-01 (1992) (“[a] physician is not necessarily a public employee simply because a public entity pays his or her salary, provides a retirement fund, or manages a vacation schedule”); Kelley, 395 Mass. at 662 (”[T]he very nature of a physician’s function tends to suggest that in most instances [the physician] will act as an independent contractor”). “Relevant considerations include whether the physician controls his own hours and work schedule, whether he determines which patients he will treat, and whether his compensation is fixed or based on productivity." Williams, 413 Mass. at 400-01; see also Hopper v. Callahan, 48 Mass. 621, 635 (1990).
Applying these standards to the record viewed in the light most favorable to plaintiff, there is a genuine issue of material fact as to whether Caulkins is a public employee. Plaintiff correctly does not contest the public employer status of the University of Massachusetts. See G.L.c. 258, §1 (public employer defined as including the Commonwealth and any “department, office, commission, committee, council, board, division, bureau, institution, agency, or authority thereof. . . which exercises direction and control over the public employee”); see also McNamara v. Honeyman, 406 Mass. 43, 47 (1989); Robinson v. Commonwealth, 32 Mass.App.Ct. 6, 9 (1992). However, the fact that the University is a “public employer” for purposes of the MTCA does not automatically establish that its employees are “public employees”; whether an individual is a public employee is a question of fact.

Status as “Public Employee" Required Before MTCA's Exclusivity Provision May Be Invoked

Defendant argues that plaintiffs lack of informed consent, breach of contract, breach of implied warranty, and battery counts should be dismissed because plaintiff cannot avoid the requirements and limitations of the MTCA by“designating what is essentially a personal injury claim as a contract [or battery] claim.” Monahan v. Town of Methuen, 408 Mass. 381, 391 (1990) (quoting Ayala v. Boston Housing Authority, 404 Mass. 689, 704 (1989)); see also Schenker v. Binns, 18 Mass.App.Ct. 404, 406-07 (1984) (holding that “where the essential nature of the plaintiffs claim is recovery for personal injuries . . . founded on negligence, his action, whether it be denominated tort or contract, is governed by c. 258”) (citations omitted); see also Tilton v. Town of Franklin, 24 Mass.App.Ct. 110, 113 (1987) (claims of reckless infliction of emotional distress and libel and slander were barred by MTCA).
The MTCA explicitly provides in §2 that its remedies are exclusive. However, an initial determination must be made as to the Act’s applicability. If Caulkins is ultimately determined not to be a public employee, plaintiff could not maintain claims against UMMC based upon Caulkins’ actions, but, the claims against Caulkins in his individual capacity may lie.[2] See Kelley, 395 Mass. at 661. As such, Caulkins’ status as “public employee” is required to be established before the MTCA’s exclusivity provision can be invoked.

ORDER

Since there are factual disputes regarding whether Caulkins was subject to the direction and control of a public employer, and these disputes have a direct impact on whether or not Caulkins is a public employee under the Massachusetts Tort Claims Act, defendant is not entitled to judgment as a matter of *669 law on the negligence count. Moreover, this determination affects whether plaintiffs remaining counts are barred by the MTCA’s exclusivity provision. Accordingly, defendant’s motion for summary judgment and plaintiffs cross motion for partial summary judgment are denied.

‘A party cannot create a disputed issue of fact [simply] by . . . contradicting by affidavit statements previously made under oath at a deposition.” O'Brien v. Analog Devices, Inc., 34 Mass.App.Ct. 905, 906 (1993) (motion judge permitted to disregard employee’s statement in affidavit where previous sworn testimony had been opposite); see also Hanover Ins. Co. v. Leeds, 42 Mass.App.Ct. 54, 58 (1997). Therefore, this court disregards those portions of Caulkins’ Affidavit, dated April 11, 2000, which attest to facts contradictory to his deposition testimony, made on May 25, 1999, concerning his inability to make all medical decisions regarding patient treatment.

Furthermore, even if Caulkins is a public employee, UMMC cannot be held liable for his intentional torts. See Lafayette Place Associates v. Boston Redevelopment Auth., 427 Mass. 509, 534 (1998) (public employer under MTCA immune from liability for intentional torts). However, Caulkins in his individual capacity could be liable. Monahan v. Town of Methuen, 408 Mass. 381, 391 (1990) (§2 states that a public employee shall not be immune from any claim arising out of an intentional tort). Thus, the viability of plaintiffs battery count likely depends on whether inserting coral into plaintiffs foot without her consent constituted an intentional, wrongful act or “sheer carelessness” under the circumstances. See Schenker v. Binns, 18 Mass.App.Ct. 404, 407 (1984) (removal of pin by orderly without plaintiffs consent established technical battery but did not invoke the exception to the application of c. 258 for intentional torts because no allegation of an intentional wrongful act); Moore v. Eli Lilly and Company, 626 F.Sup. 365, 368 (D.Mass. 1986) (drawing distinction between intentional acts, without plaintiffs consent, resulting in an offensive touching (battery) and lack of informed consent (negligence) in medical malpractice actions).