Locke, J.
Querida Brooks, as Administratrix of the Estate ofDennis Brooks, individually and as guardian, mother and next friend of Heather May Brooks and Tara Marie Brooks, and Wesley John Brooks (“plaintiffs”), filed this action alleging that the defendant Ashraf Khan, M.D. (“Dr. Khan”) and the University of Massachusetts Medical Center (“UMMC”) failed to diagnose decedent Dennis Brooks’ bladder cancer, resulting in renal failure and death. The matter is presently before the court on Dr. Khan’s motions for summary judgment as to all counts, on the grounds that he was acting as a public employee subject to the direction and control of UMMC, and, therefore, is immune from liability under the Massachusetts Tort Claims Act, G.L.c. 258, §2. For the following reasons, defendant’s motion will be DENIED.

BACKGROUND

Viewed in the light most favorable to the plaintiffs, the undisputed material facts as established by the summary judgment record are as follows.
On September 22, 1995, Dennis Brooks underwent bladder surgery at UMMC, during which specimens were taken for the purpose of diagnosis and interpretation by Dr. Khan, who was performing his duties as a pathologist on the surgical pathology service. The diagnoses of the slides taken from Mr. Brooks were made by Dr. Khan, who generated a report based on his findings. The plaintiffs allege that Dr. Khan misread one of the slides taken from Mr. Brooks’ lymph nodes taken during the September 22, 1995 procedure. They further allege that Dr. Khan failed to recognize the malignant metastatic cancer cells that were later found on the same slide at a subsequent review at another hospital, which ultimately led to Mr. Brooks’ renal failure and death.
At the time of the alleged negligence, Dr. Khan was employed as an attending anatomic pathologist and assistant professor in pathology at UMMC. He was not yet board eligible in the United States, as all of his prior education and clinical experience took place at institutions in India and England. At all times pertinent to this action, Dr. Khan was a full-time employee of UMMC and received his salary and all other benefits from the University of Massachusetts Group Practice Plan, which contributed to his salary based on his clinical duties. He was also compensated by UMMC for his teaching duties and maintained an office there. Dr. Khan received group insurance benefits and participated in the Commonwealth of Massachusetts’ contributory retirement system.
In his capacity as an attending pathologist, Dr. Khan did not see private patients, but was assigned to the surgical pathology service. He was supervised by Dr. Bruce A. Woda, Vice Chairman of the Department of Pathology, who testified at his deposition that the extent of his control over Dr. Khan’s work, as it was with other pathologists in the department, was limited to scheduling the number of weeks that a pathologist on an annual basis would devote to clinical and teaching duties. Dr. Woda also, when assigning pathologists to their surgical pathology duties, would divide time between large size service and small size service, referring to the size of the specimens to be examined. Dr. James Pullman, an assistant professor of pathol *110 ogy with more seniority than Dr. Khan, was responsible for scheduling around the educational duties and vacations of the pathologists. Although in his affidavit, Dr. Woda stated that he retained control over Dr. Khan’s daily activities, that characterization was, in Dr. Woda’s words during his deposition, “quite inaccurate here . . . too micro of a level.”
Working in the large specimen service of the surgical pathology service, as he was at the time of the alleged negligence, Dr. Khan would receive a specimen, perform an examination of the specimen and determine the portion of the specimen which will be made into slides, according to what questions are being asked in the particular case. Dr. Khan would then review the slides, write a diagnosis and prepare a pathology report on the samples. This procedure was often done on an intraoperative basis, that is, consulting for a surgeon who is in the process of a surgery. Although Dr. Woda reviewed Dr. Khan’s work two or three times per week, Dr. Woda testified at his deposition that the primary purpose of that system of review was for billing purposes due to the fact that Dr. Khan was not board certified. The report and diagnosis on a particular specimen was often already formulated at the time of this review.

DISCUSSION

Summary judgment shall be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that, therefore, the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Id. at 17. A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the non-moving party’s case or by demonstrating that the nonmoving party has no reasonable expectation of proving an essential element of its case at trial. Kourouvacilis, 410 Mass. at 711.
Dr. Khan contends that he was a public employee of the Commonwealth at all times relevant to this action and is immune from liability by reason of the Massachusetts Torts Claims Act, G.L.c. 258, §2, which provides that:
no . . . public employee . . . shall be liable for any injury or loss of property or personal injury or death caused by his negligent or wrongful act or omission while acting within the scope of his office or employment.
That statute makes the public employer, but not the public employee, liable for claims arising out of negligence. See Schnenker v. Binns, 18 Mass.App.Ct. 404, 404 (1984). Dr. Khan bases his motion on facts which he asserts establishes that he is under the direction and control of UMMC. The plaintiffs respond that a factual dispute exists as to Dr. Khan’s employment status at the time of the alleged negligence and, accordingly, that summary judgment is inappropriate.
When determining public employee status, the relevant question is whether a person is subject to the direction and control of a public employer. Smith v. Steinberg, 395 Mass. 666, 667 (1985); Kelley v. Rossi, 395 Mass. 659 (1985). In the case of a physician, the inquiry is whether a public employer controls the details of a physician’s day to day activities and the physician’s treatment of the patient. See Williams v. Hartman, 413 Mass. 398, 400 (1992). The fact that the University of Massachusetts is a public employer does not automatically make all of its employees “public employees.”[2] McNamara v. Honeyman, 406 Mass. 43, 49 (1989). The Williams case went as far as to note that “ ‘the veiy nature of a physician’s function tends to suggest that in most instances [the physician] will act as an independent contractor.’ ” Williams, supra at 400-01, quoting Kelley, supra at 662.
Considering these standards in the light most favorable to the plaintiff, summary judgment is not appropriate in the instant case. While the facts show that he was employed only by UMMC, received his salary and benefits there, was scheduled according to the needs of the pathology department and was supervised by Dr. Woda, other facts indicate that Dr. Khan was consulted during surgeries, that he selected which part of a specimen to further examine on slides and performed analyses and issued pathology reports according to his findings. All of these functions, although reviewed by Dr. Woda several times a week for billing purposes, could be performed without consultation to another or senior pathologist. Although it is undisputed that Dr. Khan is employed by a public agency as defined by the statute, there is a genuine issue of material fact as to the direction and control that the employer had over Dr. Khan’s responsibilities as a pathologist.

ORDER

It is hereby ORDERED that the defendant Ashraf Khan, M.D.’s motion for summary judgment is DENIED.

 Here, plaintiff does not contest the fact that the University of Massachusetts is a “public employer” within the meaning of G.L.c. 258, §1.