Bohn, J.
Introduction
On October 19, 1997, while operating his 1984 Mercury Cougar on Route 128 in Newton, Massachusetts, the plaintiff, Terrance Melanson (“Melanson”), was stopped for a motor vehicle violation. Registry of Motor Vehicles (“Registry”) records reported that Melanson’s license to operate the vehicle had been revoked. As a result, Melanson was arrested, transported to state police barracks, detained and eventually released on his own recognizance. It appears, however, that the information concerning Melanson’s license was not correct. In a letter dated November 13, 1997, a representative from the Registry wrote:
Please be advised that the driver’s license of the above captioned individual [Terrance A. Melanson] should not have been in a revoked status on October 19, 1997 due to a data entry error. The proper corrections have been made and his license has been placed in an active status.
On September 25, 2000, Melanson filed his complaint in this action. In his complaint, Melanson alleges that the Commonwealth negligently and carelessly breached its duty of care by committing an error that resulted in the plaintiffs license to operate a motor vehicle being improperly revoked; and, that it was further negligent in failing to notify the plaintiff that his license to operate a motor vehicle had been revoked.
On January 9, 2001, the defendant, Commonwealth of Massachusetts Executive Office of Public Safely filed its motion to dismiss Melanson’s complaint. In support of its motion, the defendant argues that the plaintiff is barred from bringing this action by reason of Section 10(e) of the Massachusetts Tort Claims Act, G.L.c. 258.
The motion will be allowed.
*388 Discussion
A motion to dismiss brought pursuant to MassR.Civ.P. 12(b)(6) will be allowed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nader v. Citron, 372 Mass. 96, 98 (1977); Curran v. Boston Police Patrolmen's Association, Inc., 4 Mass.App.Ct. 40 (1976). When evaluating the sufficiency of the complaint, all well-pleaded allegations must be accepted as true, and all inferences must be drawn in favor of the plaintiff. See Natick Auto Sales, Inc v. Department of Procurement and General Service, 47 Mass.App.Ct. 625, 630 (1999).
In the present case, no matter how characterized, the gist of plaintiffs complaint centers on the defendant’s mismanagement of the permitting process; and it has been established by at least one appellate decision and by several trial court decisions that in such a case, a plaintiff is barred by G.L.c. 258, § 10(e) from recovery for such a claim against a public employer. See e.g., Tivnan v. Registrar of Motor Vehicles, 50 Mass.App.Ct. 96 (2000) (negligence in issuing duplicate driver’s license); Wasserman v. Town of Bellingham, 7 Mass. L. Rptr. 40, 1997 WL 311510 (Sikora, J.) (negligence in issuing building permit); Pinecrest Village, Inc. v. MacMillan, 5 Mass. L. Rptr. 86, 1996 WL 1186857 (McEvoy, J.) (same); Leatham v. Donell, 6 Mass. L. Rptr. 87, 1996 WL 1251390 (Houston, J.) (negligence in issuing occupancy permit).
The Tivnan case is particularly instructive in the matter before the court because, in Tivnan, like in the present case, the plaintiff argued that his claim, based upon the defendant’s issuance of a duplicate driver’s license in his name to an imposter, was not brought under a theory of negligence, which would involve the Tort Claim Act but, rather, under a theory of strict liability for invasion of privacy. In disposing of that argument, the appeals court noted that Tivnan could not avoid the requirement and limitations of the Tort Claim Act by couching, under another legal theory, what was essentially a claim for the wrongful act of a public employer. To that point, the court held that “No matter how otherwise stated, what is at stake here, is a claim for injury due to the wrongful act of a public employer, i.e. the wrongful release of information in violation of the provisions of G.L.c. 66A.” The court concluded that the claim fell within the ambit of G.L.c. 258, the Massachusetts Tort Claims Act, and that it was barred by reason of § 10(e) of that Act.
Similarly, in the present case, and no matter how stated, what is at stake here is a claim for injury due to the alleged wrongful act of a public employer, Le. the release of erroneous or incorrect information concerning the status of the plaintiffs license to operate a motor vehicle. That claim falls within the ambit of G.L.c. 258, and is barred by § 10(e) of that Act which, where applicable, states clearly and unambiguously that “any claim based upon the issuance, denial, suspension or revocation or failure or refuse to issue, deny, suspend or revoke any permit, license, certificate, approval, order or similar authorization” is exempt from suit under the Massachusetts Tort Claim Act.
ORDER
For the reasons stated above, defendant’s motion to dismiss the complaint is ALLOWED.