Borenstein, J.
This matter is before the court on defendant’s, Town of Framingham (“Framingham”), motion for summary judgment. In support of their motion, Framingham raises a defense derived from the Massachusetts Torts Claim Act, G.L.c. 258. Specifically, they argue that the plaintiff is estopped from alleging that the defendant Michael Drake (“Drake”) was an agent or servant of Framingham, and, therefore, the town may not be held liable under c. 258 for the actions of an independent contractor. In opposition to the motion, the plaintiff claims Framingham is liable under respondeat superior for failing to properly supervise Drake.
For the reasons stated below, Framingham’s motion is ALLOWED.
BACKGROUND
On January 12, 1995, the plaintiff Chiao-Yun Ku (“Ku”) was involved in a head-on collision with a truck owned and operated by defendant Drake. At the time of the accident Drake was spreading salt on Grove Street in Framingham under a sanding and plowing contract with the town. Ku suffered various injuries, resulting in medical bills in the amount of $60,000. On February 2, 1995, Ku filed suit against Drake and Michael Drake Construction, Inc. in Middlesex Superior Court (“Ku v. Drake”) (Complaint is attached Exhibit A). During the course of discovery in that suit, Ku discovered information relative to the extent of control exercised by the town over Drake’s performance of his duties, which established that Drake was more than an independent contractor. As a result of that information, Ku sent a demand letter to Framingham on June 22, 1995. Framingham, however, was not added as a party in Ku v. Drake. Instead, on October 6, 1995, Ku settled her claims with Drake for $93,000. The release purported to reserve all claims against Framingham. [1]
On March 5, 1996, Ku brought this action against Framingham alleging negligence with respect to the same accident for which recovery was obtained in Ku v. Drake. Framingham filed a third-party claim against Drake and Michael Drake Construction, Inc.
DISCUSSION
This court grants summary Judgment where there are no genuine issues of material facts and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.R 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The nonmoving party’s failure to prove an essential element of its case “renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991), citing Celotex v. Catrett, 477 U.S. 317, 322 (1986).
It is well settled that the liability of any municipaliiy pursuant to G.L.c. 258, §2 does not extend to acts or omissions of independent contractors. Rowe v. Arlington, 28 Mass.App.Ct. 389, 390 (1990) (citations omitted). The basic question in determining the nature of the tortfeasor’s service to the town “is whether a person is subject to the direction and control of a public employer.” Smith v. Steinberg, 395 Mass. 666, 667 (1985). Generally, “(w)hether one is a public employee or an independent contractor is a question of fact.” Id. (citations omitted). In this case, Ku seeks to establish that Drake was under the “direction and control” of the town in order to avoid summary judgment.
In Ku v. Drake, Ku sued Drake as an independent contractor. Ku cannot in this case seek to assert that Drake was Framingham’s agent or servant. It is clear from the complaint in that earlier case that Drake was sued as an independent individual and corporation. At paragraph 5 of that complaint plaintiff asserted the following: “On January 12, 1995 [sic] the defendant Michael L. Drake, individually and as an employee, servant, or agent of Michael L. Drake Construction Company, Inc. was operating a truck on said Grove St.” The complaint contains no mention of the Town of Framingham or its involvement with Drake or Drake Construction, Inc. It would have been a legal impossibility for Ku to sue Drake as an employee, agent or servant of the municipality without suing Framingham as well. See Rowe v. Arlington, supra.
*670 In a valiant effort to obtain a fourth strike, and additional damages, Ku has filed this action asserting that Drake is an employee or agent for the purposes of this suit against Framingham. The doctrine of judicial estoppel specifically bars this type of “fast and loose" utilization of the judicial system. At its core, judicial estoppel “precludes a party from asserting a position in one legal proceeding which is contrary to a position it has already asserted in another.” Patriot Cinemas, Inc. v. General Cinema Corp., 834 F.2d 208, 212 (1st Cir. 1987) (judicial estoppel is designed to curtail a litigant from “playing fast and loose with the courts”); Fay v. Federal National Mortgage Assoc., 419 Mass. 782, 788 n.10 (1995) (judicial estoppel ’’applies when a litigant has asserted inconsistent positions on the same legal point in separate proceedings or in successive stages of the same litigation”); Latino Political Action Committee, Inc. v. City of Boston, 581 F.Supp. 478 (D.Mass. 1984) (judicial estoppel prohibits a party to litigation from assuming position, usually as to facts, inconsistent with that taken at prior litigation). The primary function of judicial estoppel is to protect the integrity of the courts. Correia v. DeSimone, 34 Mass.App.Ct. 601, 604 (1993); Patriot Cinemas, Inc., supra at 214.
Although the specific requirements of judicial estoppel have never been defined in Massachusetts courts, the “doctrine should be applied at least where a party has successfully asserted his or her inconsistent position in a previous proceeding, and neither privity nor reliance are essential requirements.” Fay, supra at 788. Here, asserting that Drake is an employee in one action and an independent contractor in another presents the type of situation that judicial estoppel was created to avoid.[2]
Where the doctrine of judicial estoppel requires Ku to adhere to her earlier categorization of Drake as an independent contractor, summary judgment is appropriate under c. 258.[3]
ORDER
For the reasons stated, Framingham’s motion for summary judgment is hereby ALLOWED.
EXHIBIT A
COMPLAINT AND CLAIM FOR JURY TRIAL IN KU V. DRAKE, C.A.
NO. 95-0647, FILED 2/2/95
1. The plaintiff is a resident of the Town of Marlboro, Middlesex County, Massachusetts.
2. The defendant Michael L. Drake is a resident of the City of Framingham, Middlesex county, Massachusetts.
3. The defendant Michael Drake Construction Company, Inc. is a duly organized corporation with its place of business in the city of Framingham, Middlesex County, Massachusetts.
4. On January 12, 1995 the plaintiff was operating her motor vehicle on Grove street, Framingham, Massachusetts.
5. On January 12, 1995 the defendant Michael L. Drake, individually and as an employee, servant, or agent of Michael L. Drake Construction Company, Inc. was operating a truck on said Grove Street.
6. The defendants so negligently operated their vehicle that they caused it to collide with plaintiffs vehicle.
7. As a result of the defendant’s negligence the plaintiff suffered physical injury, has incurred medical expenses, has suffered pain of body and mind, and has incurred a loss of earning capacity.
WHEREFORE, the plaintiff requests judgement against both defendants in an amount to be determined by a jury.
THE PLAINTIFF REQUESTS A TRIAL BY JURY.

 As Framingham was not a party to the release between Ku and Drake, any agreement between those parties has no impact on any right to bring a claim against Framingham. It is fundamental that one may not be bound by an agreement to which one is not a party. Consequently, Ku cannot rely on the language in the release with Drake as a basis for this action.

 It is worth noting that Ku chose not to amend her complaint in Ku v. Dralce in order to add Framingham as a party; in addition, Drake did not seek contribution or indemnification from Framingham for his liability.

 The conclusion that judicial estoppel applies in this case is premised on the court’s finding that Ku is “playing fast and loose” with the judicial system; that the claims asserted in Ku v. Drake were not fully litigated is irrelevant as there could have been no direct claim versus Drake if the plaintiffs position, in the earlier suit, were that he was an employee of the Town.