Fabricant, J.
INTRODUCTION
This case presents a claim of personal injury arising from an alleged assault in the context of an automotive shop class at the Shawsheen Valley Regional Vocational High School. The plaintiffs, Michael Bayles, the alleged assault victim, and his parents, af sert claims against the Shawsheen Valley Regional Vocational High School District (“the district”) under the Massachusetts Tort Claims Act, G.L.c. 258. The complaint also asserts claims against the alleged assailant, Corey Love, and his grandmother, Jean Love.[1] Presently before the Court is the Defendant Shawsheen Valley Regional Vocational High School District’s Motion to Dismss and for Separate and Final Judgment.
BACKGROUND
The complaint alleges that Bayles and Love, were both “engaged in the curriculum” at the vocational high school operated by the defendant school district, in that they were “attending an automobile shop class” and, in that capacity, were “affecting repairs to motor vehicles pursuant to the curriculum.” It further alleges that Bayles and Love, at the time they were so engaged, “were under the direction and control of the faculty” of the school, that they were assigned to work together, that Love became angry with Bayles and so informed “other persons participating in the curriculum,” and that Love struck Bayles, causing him injury.
Based on these allegations, the complaint sets forth four counts against the school district. Count IV asserts that the district negligently trained, supervised, and assigned two “adults placed in a position of responsibility relative to the automotive shop,” and that those two consequently “failed to maintain order and discipline during the shop class,” thereby causing the incident. Count V alleges that Bayles, Love, and “other persons engaged in the curriculum” “constitute employees oF the school district púrsuant to G.L.c. 258, §1, such that the district as employer is vicariously liable for the assault committed by Love against Bayles. Apparently in support of this characterization, Count V goes on to allege that work performed by “persons engaged in the curriculum” “inures to the benefit oF the school, that such persons use the school’s tools and equipment and work on vehicles provided by the school, that the school controls the timing of the work and that the work “is inspected and overseen by instructors” of the school. Counts VI and VII allege loss of consortium by Bayles’s parents.
DISCUSSION
On a motion to dismiss, the Court must accept as true all well-pleaded factual allegations of the complaint, and must indulge all reasonable inferences in the plaintiffs favor. E.g. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991); Nader v. Citron, 372 Mass. 96, 98 (1077). This rule does not, however, require the Court to adopt the plaintiffs’ legal conclusions or characterizations, or to rely on drafting techniques employed to obscure the substance of the claim. See e.g. Cheney v. Automatic Sprinkler Corp. of America, 377 Mass. 141, 149-50 (1979); see also Chongris v. Board of Appeals, 811 F.2d 36, 37 (1st Cir.), cert. denied, 483 U.S. 1021 (1987). This is particularly so where the identity of the parties or the nature of the claim raises issues of immuniiy that should be addressed at the earliest possible stage of the litigation. See Brum v. Dartmouth, 428 Mass. 684, 688 (1999).
*224 Here, despite its creative phrasing, the substance of the claim is apparent on the face of the complaint, and was readily acknowledged by plaintiffs’ counsel at argument on the present motion. Stated plainly, the facts alleged are that, while Bayles and Love were fellow students in an automotive shop class at the defendant’s vocational high school, and were jointly engaged in a practice exercise involving servicing a vehicle, Love assaulted Bayles. Count I, in substance, alleges that the teachers present, despite knowing or having reason to know of Love’s intention to assault Bayles, negligently failed to prevent him from doing so, thus imposing liability on the district as the teachers’ employer. Count II asserts vicarious liability on the part of the district as the employer not of the teachers, but of Love; the complaint characterizes the school’s relationship with students in the automotive shop class as one of employment based on facts alleged with respect to the school’s control of and benefit from the students’ servicing of vehicles.
Count IV, as set forth in the complaint, is indistinguishable from the claim that the Supreme Judicial Court held, in Brum v. Dartmouth, 428 Mass. at 691-96, to be barred by G.L.c. 258, §10(j). Nothing in the factual allegations of Count IV contains any hint that Love, in striking Bayles, was acting on behalf of the school. Accordingly, the motion must be granted as to Count IV on the basis of the immunity provided by that statutory provision.
Count V, as the plaintiffs’ attorney expressly acknowledged at argument, is an effort to avoid the bar of §10(j) through the theory that Love was an employee of the district for purposes of G.L.c. 258, §1. As will appear, this Court has considerable doubt as to whether the facts alleged would support that characterization. That doubt need not be resolved, however, because Count V fails on each of two other grounds. First, under c. 258, §10(c), the district as public employer is immune from liability for “any claim arising out of an intentional tort, including assault, battery ...” Second, as the plaintiffs concede and the complaint unequivocally indicates, Bayles and Love held precisely the same status as “Persons engaged in the curriculum,” so that if Love was an employee of the school, so was Bayles, and his claim against their mutual employer is subject to the bar imposed by the workers’ compensation law, G.L.c. 152, §24.
The plaintiffs seek to avoid the latter conclusion[2] by arguing that Bayles and Love were employees for purposes of c. 258, but not for purposes of c. 152. They argue that the definition of employee under the former statute is broader, and encompasses vocational school students, but that the definition in the latter is narrower and does not. They acknowledge the absence of any case law support for this argument, and rely solely on the language of the two statutory definitions. Upon review of the statutes and case law under both, and consideration of their purposes, this Court concludes that if either definition is broader than the other, it is the one under the workers’ compensation law.
General Laws c. 152, §1, defines “Employee” for purposes of the workers’ compensation law as “every person in the service of another under any contract of hire, express or implied, oral or written,” subject to specified exceptions. In accord with its all-encompassing language and the remedial purpose of the statute, see Armburg v. Boston & M.R.R., 276 Mass. 418, 421-22 (1931), this provision has been broadly construed to encompass any person, not within the statute’s expressly stated exceptions, who by agreement works under the direction and control of another. Id.; O’Malley’s Case, 361 Mass. 504, 505 (1972). The broad scope of the statute serves to ensure the provision of vital benefits to employees, particularly those with relatively limited bargaining power in the marketplace.
The purpose of the Tort Claims Act, c. 258 of the General Laws, while remedial, is more nuanced. It is to provide a limited waiver of sovereign immunity, along with protection of public employees from personal liability, so as to preserve the stability and effectiveness of government. See generally, Vasys v. Metropolitan District Commission, 387 Mass. 51, 57 (1982). Thus, the breadth of the liability imposed on public entities under this statute depends on the breadth of the definition of public employee; an overly narrow definition leaves some legitimate claims un-remedied and some public servants Individually exposed, while an overly broad definition imposes on taxpayers an unwarranted burden of liability. These dual risks must inform interpretation of the statutory definition.
Section I of c. 258, defines “public employee” as “elected or appointed, officers or employees of any public employer, whether serving full or part-time, temporary or permanent, compensated or uncompensated, and officers or soldiers of the military forces of the commonwealth.” The definition thus itself incorporates the term “employee,” without further definition of that term beyond the indication that it requires neither compensation nor full-time status. Case law supplies the necessary content, making it clear that the test of employee status under this statute is the common law test of the employer’s right to direct and control the employee’s performance of the employer’s work. E.g., McNamara v. Honeyman, 406 Mass. 43, 48 (1989); Rowe v. Town of Arlington, 28 Mass.App.Ct. 389, 391 (1990). As indicated supra, that is precisely the test applied in the case law under c. 152.
At argument, plaintiffs’ counsel contended that Bayles and Love were not employees under c. 152 because they had no “contract of hire.” Asked the source of their relationship with the school, if not a contract of hire, he suggested that they had a “contract for learning.” That description seems precisely apt, but does not advance the plaintiffs’ effort to classify them *225 as employees under one statute but not the other. Bayles and Love were students of the school; their participation, and the teachers’ direction and control of their activities, was not for the purpose of fixing cars, or of gaining for the district any benefit that it might derive from that activity, but for the purpose of their education. Indeed, the overall purpose of the school’s operation is for the education of students; car repair, and any benefit that might inure to the school from it, is incidental to the school’s educational function. For that reason, it seems apparent that neither Bayles nor Love was an employee, under the test of either statute. Their teachers directed and controlled their activities as students, in the same way that teachers at all levels and of all iypes direct and control the activities of students. Such direction and control does not indicate an employment relationship, since it exists for a purpose entirely unrelated to employment. Accordingly, Count V fails to state a claim on which relief may be granted, and must be dismissed. Counts VI and VII are derivative of Counts IV and V, and must be dismissed as well.
CONCLUSION AND ORDER
For the reasons stated, it is hereby ORDERED the defendant Shawsheen Valley Regional Vocational High School District’s Motion to Dismiss is ALLOWED. Finding no just reason for delay, the Court further ORDERS that separate and final judgment enter in favor of the Shawsheen Valley Regional Vocational High School District.

 This Court granted Jean Love’s motion for summary judgment on November 12, 1998.

 Neither party has addressed the issue of the application of c. 258, § 10(c).