Welch, J.
Valerie Mills, then a 12-year-old girl enrolled in the seventh grade in the Triton Regional School District (“Triton”) was attending class on November 4, 1997. At that time, according to the complaint, a fellow classmate, a Dean Ellis, shot a paperclip by means of an elastic, through the air. The complaint alleges that Ellis obtained this elastic and paperclip from Triton. The complaint also alleges that employees of Triton knew that Dean Ellis and other students had a practice of shooting sharp objects in similar manners. The paper clip hit Valerie Mills in the eye and she sustained serious personal injuries. Mills, through her mother and next of friend, has brought claims against Ellis and the Triton Regional School District. This motion concerns only the two claims brought against Triton Regional School District. Namely, the claim brought pursuant to 42 U.S.C. §1983 (Count IV) and Massachusetts Tort Claims Act (Count V). Triton has moved to dismiss these claims.
Triton argues that the immunity from suit provisions, particularly G.L.c. 258 § 10(j) of the Massachusetts Tort Claims Act, prohibit this law suit. Triton also argues that the plaintiff has failed to state any claim pursuant to 42 U.S.C. §1983. Reduced to its essence, this motion presents two issues; 1) whether, for purposes of Massachusetts Tort Claim Act, Triton “originally caused” the “condition or situation” which led to the tortious injury; and 2) whether this complaint states a claim of a denial of “substantive due process” under Section 1983.
After counsel for both sides failed to attend the initial hearing on this motion, this court decided the matter on the pleadings. Since that time, however, the parties have been permitted to argue their prospective positions. After considering the matter anew, this court reaches the same decision. Namely, the motion to dismiss must be granted.
The plaintiff argues that this case should not be decided upon a motion to dismiss but rather that he should be able to proceed through discovery and then deal with this matter on the basis of summary judg *179 ment or at a trial on the merits. When an immunity from suit provision is at issue, however, such as with §10(j) of the Massachusetts Tort Claims Act, it is important to determine the immunity issue as early as possible “if immunity is to serve one of its primary purposes, to protect public officials from harassing litigation.” Duarte v. Healy, 405 Mass. 43, 44 n.2 (1989). See Harlow v. Fitzgerald, 457 U.S. 800, 817 (1982).
Needless to say, for the purposes of the motion to dismiss, all of the allegations contained in the complaint, including any reasonable inferences therefrom, must be taken as true. In this case, it is claimed that Paula Mills was a 12-year-old student attending her seventh-grade class at the junior high school operated by Triton on November 4, 1997. The person inflicting the injury, Dean Ellis, was a fellow student at the school. Using a paper clip and an elastic that he had obtained from the defendant Triton he shot a paper clip into Valerie’s eye. Employees of Triton are alleged to have known that Dean Ellis and other students “had a practice of shooting sharp objects” and they placed Ellis and other students in the class in positions where they would inflict harm upon students such as Valerie. Triton is alleged to have violated Massachusetts Tort Claims Act and to have deprived Valerie of life and liberty without due process of law in violation of 42 U.S.C. §1983 because the school district allegedly “affirmatively placed” Valerie “in a position of danger” in that school officials knew that “defendant Ellis had committed many acts of misconduct in violation of accepted standards of behavior” and should have known of “the propensity of defendant Ellis to commit misconduct directed at fellow students.” Despite this knowledge, the complaint alleges, Triton “created or increased the danger to the plaintiff by supplying sharp staples and paper clips to the defendant Ellis, and by placing him in a position where he would shoot these objects at other students.”
In the light most favorable to the plaintiff, the complaint alleges that a third party, student Dean Ellis, committed a serious tortious assault upon Valerie. The assault was by means of a paper clip propelled by an elastic, supplies which he obtained from Triton. Triton knew of Dean Ellis’s practice of shooting sharp objects and Triton was likewise aware of other acts of misconduct by Ellis in violation of accepted standards of safe behavior. Nevertheless, Triton continued to allow Ellis access to such school supplies as paper clips and elastics and continued to place Ellis in a classroom with Valerie Mills.

Massachusetts Tort Claims Act

Section 10(j) of the Massachusetts Tort Claims Act confers immunity on public employers, such as Triton, for harm which comes about as a result of its “failure ... to prevent” the “violent or tortious conduct of a third person.” There is an exception to this immunity, however, when the “condition or situation” leading to the “harmful consequences" was “originally caused by the public employer.” From Brum v. Dartmouth, 428 Mass. 684, 692 (1999).
The Supreme Judicial Court recently wrestled with this statutory language and concluded that a failure to prevent the tortious act, no matter how negligent, was not something which originally caused a condition which led to the harmful consequence. Instead, there must be an affirmative act by the public entity which creates the condition or situation. Such an affirmative act could be a recommendation to employ someone, Bonnie W. v. Commonwealth, 419 Mass. 122, 125 (1994), or an affirmative promise to provide protection. Lawrence v. Cambridge, 422 Mass. 406, 409 (1996). See Brum v. Dartmouth, supra at 695-96. In this case, the complaint does not allege any such affirmative act. Instead, the complaint only asserts a negligent failure of Triton to prevent this harm. For example, Triton allegedly knew of Dean Ellis’ past dangerous behavior but did nothing to prevent it. Triton did nothing to prevent Ellis from obtaining school supplies such as paper clips and elastics. Furthermore, Triton did nothing to prevent Ellis from attending school and sitting in the class room with Valerie Mills. A failure to prevent, even if negligent, does not cause the “condition or situation” that leads to the harmful consequence. This is particularly true in the case of a fellow student committing a tortious assault upon another. That student has a right to attend public school and the public school has an obligation to provide an education to the student. Failing to prevent the harm by an assault of one student upon another does not give rise to a liability. That is the teaching of Brum v. Dartmouth. See also Bayles v. Love, Superior Court Civ. Act. 98-227, 10 Mass. L. Rptr. 223 (Decision of Judge Fabricant, May 19, 1999). Thus, Count V of the complaint must be dismissed.

Section 1983

In order to state a claim under section 1983, the plaintiff must show that she has been deprived, by a person acting under the color of state law, of a constitutional or statutory right. The due process clause of the 14th Amendment does not guarantee citizens protection from dangers posed by non-governmental sources. Brum v. Dartmouth, 428 Mass. at 698. The Supreme Court of the United States has plainly set forth that: “A state’s failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause.” DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189, 196-97 (1989). There is an exception to this general rule when a “special relationship” exists between the government and the individual harmed. Justice Fried’s opinion in Brum exhaustively details the limited nature of this exception. The vast majority of federal decisions limit “special relationships” to custodial situations, such as incarcerated individuals or those involuntarily committed to state psychiatric *180 facilities or even those who are in a residential special education school and are not free to leave. See Brum v. Dartmouth, supra 699-701.
The plaintiff vigorously asserts that because Mills was only 12 years of age and required to attend school under the State’s compulsory education laws, a “special relationship” existed in that she was effectively in custody of the state. This argument, however, has been rejected by the vast majority of the courts. The Brum decision cites, and relies upon, many of those decisions. Brum, supra at 702. This is because the compulsory education laws do not entail the same sort of restrictive custodial relationship needed to impose an affirmative duty to protect a person under the 14th Amendment. For example, a student is in no way physically restrained, and is able to leave the school on appropriate occasions. Indeed, the student is not required to attend any particular school but has a choice. Admittedly, this case expands the holding of Brum (where the victim was over the age of 16 and was not compelled to attend school). Nevertheless, the Brum decision plainly indicates that the Supreme Judicial Court would not extend the “special relationship” rule to the junior high school setting.
Nor is this a case which falls within the “state created danger” exception to the DeShaney rule. There is no allegation that Triton committed an affirmative act (i.e. something more than allowing Ellis to remain in the same classroom) that placed the plaintiff in danger or created an “opportunity that would not otherwise have existed for the third party’s crime to occur.” Brum, supra at 705, quoting Johnson v. Dallas Independent School District, 38 F.3rd 198, 201 (5th cir. 1994), cert. denied, 514 U.S. 10107 (1995). Allowing access to school supplies such as paper clips and rubber bands is not the type of state created danger to which this doctrine applies. Monahan v. Dorchester Counseling Center, Inc., 961 F.2nd 987, 993 (1st cir. 1992) (rendering a plaintiff “more vulnerable to danger” not “the kind of affirmative act giving rise for constitution duty”).
The plaintiff has failed to allege a violation of any constitutional right and thus she has not made out a valid claim under Section 1983.

Conclusion

As the concurring justices noted in Brum, a case involving the death of a student and allegations of greater negligence, the Supreme Court has narrowly interpreted Section 1983 in this context. Furthermore, the state legislature has acted to immunize public schools and officials in this setting. The plaintiffs injury is undoubtedly tragic and safe schools are surely of great public interest. Nevertheless, immunity from suit for public schools and school officials also serves vital public interests. For example, do we want to burden the discretion of a teacher as to seating assignments, access to supplies, and inclusion of a student into a classroom? In the end, these are political matters. In a democracy, a court is limited to correctly applying the statute passed by the legislature. Although deviations from an immunity provision are tempting for a judge when confronted with a sympathetic fact pattern, such conduct ultimately is law debasing and undercuts our democracy.
For the reasons set forth above, Triton’s motion to dismiss is ALLOWED. Counts IV and V are hereby dismissed.